**Don T. BRADEN, Relator,**

v.

**Hon. Daniel M. DOWNEY, Judge of the 295th District Court of Harris County, Texas, Respondent.**

No. C–9438.

Supreme Court of Texas.

June 19, 1991.

---

E.M. Schulze, Huntsville, for relator.

Randall A. Pulman, Houston, for respondent.

## OPINION

HECHT, Justice.

Respondent District Judge, Hon. Daniel M. Downey, ordered relator Don T. Braden to answer certain discovery requests and found that his earlier refusal to do so was abusive of the discovery process. As sanctions for such abuse, the district court ordered Braden to pay $10,000 to the party seeking discovery, and ordered Braden's attorney to perform ten hours' community service. The deadlines ordered for payment of the monetary sanctions and completion of the community service preceded conclusion of the litigation.[1] Braden seeks mandamus directing the district court to vacate these discovery rulings. We conclude that the district court did not clearly abuse its discretion in ordering Braden to answer the discovery requests, but that it did abuse its discretion in ordering payment of the monetary sanctions imposed

---

1. This proceeding arises out of two consolidated cases pending in Harris County: Cause No. 89–04947 in the 295th District Court, styled *South Main Bank v. FM 149 Business Park, Ltd.,* and Cause No. 89–09726 in the 190th District Court, styled *Braden v. South Main Bank.* The parties have advised us that all issues in this litigation have been resolved except for those raised by this mandamus proceeding.

and performance of community service before those sanctions, and the basis for imposing them, could be appealed. We therefore conditionally grant mandamus relief only to direct the district court to modify its order to defer compliance with the imposition of sanctions until after rendition of final judgment.

## I

South Main Bank loaned a limited partnership $620,000, secured by a lien on certain commercial real estate. The borrower's general partners and most or all of its limited partners, including Braden, each personally guaranteed repayment of a portion of the loan. The part Braden guaranteed was $69,750. When the partnership became insolvent, Braden sued the Bank and others in Montgomery County, where he resided, seeking to avoid the obligation of his guaranty and to recover actual and punitive damages on various liability theories.[2] The Bank foreclosed on its security and then sued the partnership and the guarantors in Harris County for the deficiency, alleged to be $485,767.57. Braden's lawsuit was transferred to Harris County on motion to transfer venue, where it was consolidated with the Bank's action.

After the Bank took Braden's deposition, it directed a discovery request to Braden containing eight requests for admission of facts, five requests for production of documents, and a first set of twenty-five numbered interrogatories, one with two subparts and two with five subparts each. Braden responded by objecting to most of the interrogatories and denying most of the requests. More specifically, Braden denied: that the Bank was the owner and holder of the note signed by the partnership; that the partnership had defaulted on its note and contract obligations to the Bank; that the deficiency owed by the partnership was $485,767.57; that interest on

the deficiency was accruing at the rate of 11% per annum; that Braden was liable to the Bank for the partnership's debts; and that a reasonable and necessary attorney fee to collect the debt owed by the partnership would be $48,516.76. Braden admitted only that he had signed a guaranty agreement. Each request for admission was accompanied by an interrogatory asking Braden to "state all facts relied upon in denying the Request or objecting to it" if the request was not admitted. Braden answered the interrogatory relating to his denial that the Bank was the owner and holder of the partnership note by stating that he was not in a position to know one way or the other. To all the other interrogatories relating to denied requests for admission Braden repeated the following objection:

> This interrogatory is objected to because it is vague, ambiguous, overly broad, non-specific, and unduly burdensome in requesting this party to "state all facts relied upon" in denying the claim. Under the Texas Rules of Civil Procedure the number of questions including subsections in a set of interrogatories shall be limited so as not to require more than thirty answers. An interrogatory requesting a party to "state all facts" in essence requests a party to state the entire substance of all testimony, documents, and other evidence which may be offered at trial. This would of necessity involve a narrative discourse encompassing more than thirty answers and would require the disclosure of work product.

In each instance, except for the interrogatory about attorney fees, Braden added:

> This interrogatory is also objected to because Don T. Braden has been extensively examined at deposition about these very same matters. To now inquire about these same matters in interrogatories is unduly burdensome.

---

2. Braden alleged causes of action for negligence, statutory and common law fraud, violations of the Texas Deceptive Trade Practices—Consumer Protection Act and Texas Securities

Act, breach of fiduciary duty and of the duty of good faith and fair dealing, and breach of contract.

Braden lodged essentially the same objections to interrogatories which asked him: to "state in detail" what banking and credit review services were to be provided the partnership; to "state all facts" supporting a conclusion that such services were not properly performed; to state the content and source of information supporting his claim that banking services rendered were deficient; and to state how he was damaged as a result. Braden also objected on the same basis to several interrogatories which requested him to state in detail the factual basis for certain of his claims, including what misrepresentations were allegedly made by the Bank, who made them, and what was said. In response to an interrogatory which asked him to identify all persons with relevant or discoverable knowledge about the litigation, Braden stated:

> To the knowledge of this party, the only persons having knowledge of relevant matters are the parties to this lawsuit, the parties to Cause No. 89–04947, the persons mentioned in my deposition taken on September 20, 1988, and respective attorneys of the parties. The addresses and business affiliations of these persons are already known to you. To require this party to compile a list of addresses is unduly burdensome. If you should encounter difficulty in locating any of these persons, please contact my attorney and he will provide you with such information as I may have concerning the location of the person.

Braden responded to three of the Bank's requests for production and objected to the other two. One of the two requests to which Braden objected called for documents pertaining to a transaction which was not directly related to the litigation. The other requested Braden to "[p]roduce any and all documents which may lead to the discovery of admissible evidence in this case or which are relevant to any claim made by any party in this lawsuit." Braden objected to this request as being, among other things, improper.

The Bank moved the district court to compel Braden to answer all the discovery requests to which he objected and to award the Bank $500 attorney fees as sanctions. The district court considered the Bank's motion at a hearing at which counsel for both parties were present. The district court overruled Braden's objections to all but one of what it determined were the first thirty interrogatories, counting each subpart as a separate interrogatory.[3] The district court also overruled Braden's relevance objection to the request for production relating to a separate transaction. The district court denied the Bank's motion as it pertained to the other interrogatories and the other request for production for all documents relevant to the claims asserted.

At the conclusion of the hearing on the Bank's motion to compel, the district court found that both parties were abusing the discovery process. As sanctions for such abuse, the district court ordered from the bench that Braden pay the Bank $10,000 and that Braden's attorney perform ten hours of community service for the Child Protective Services Agency of Harris County. The district court also ordered the Bank's attorney to perform five hours of service for the same agency. The court's subsequent order gave Braden thirty days to pay the $10,000, and gave the attorneys about six weeks to complete their community service.

Braden moved the court of appeals for leave to file his petition for writ of mandamus directing the district court to vacate its order. The court of appeals denied Braden's motion without opinion. Braden then filed his motion in this Court. We granted leave to file and, at Braden's request,

---

**3.** It appears from the record that the trial court actually considered only the first twenty-nine interrogatories. The one objection which the trial court did not overrule was not addressed at the hearing.

stayed enforcement of the district court's order.[4]

## II

Braden contends that the district court abused its discretion in overruling his objections to the discovery requests and ordering him to answer them. Braden offers three arguments in support of this contention, each of which we examine in turn.

■ First, Braden argues that the district court's order compels disclosure of materials protected by the attorney work product privilege. We have held that mandamus may issue to correct a trial court's clear abuse of discretion in ordering disclosure of privileged materials. *See West v. Solito*, 563 S.W.2d 240 (Tex.1978); *Maresca v. Marks*, 362 S.W.2d 299 (Tex.1962). Rule 166b, paragraph 4 of the Texas Rules of Civil Procedure[5] requires that "a party who seeks to exclude any matter from discovery on the basis of an exemption or immunity from discovery, must specifically plead the particular exemption or immunity from discovery relied upon and produce evidence supporting such claim in the form of affidavits or live testimony at a hearing". Braden did assert the attorney work product privilege in his objections to the Bank's interrogatories. He failed, however, to offer any evidence in support of his claim. Indeed, he did not even refer to his claim of privilege during the hearing before the district court on the Bank's motion to compel. In these circumstances, we hold that the district court did not abuse its discretion in overruling Braden's assertion of privilege.

■ Next, Braden argues that the effect of the district court's order is to require him to repeat in answers to interrogatories the same information he provided in his deposition. Even assuming that this complaint is reviewable by mandamus, an issue which we do not here address, we conclude that the district court did not abuse its discretion. Braden could hardly be characterized as forthcoming in his answers to questions at his deposition, nor was his counsel's conduct there entirely professional. The deposition transcript reflects that during examination by the Bank's counsel, which lasted less than a day, Braden consulted with his attorney over sixty times. At one point Braden's attorney objected to questions about Braden's contentions in the case, stating:

> Our contentions are set forth in the pleadings, and so far as I know, the only means of discovering our contentions are by Special Exceptions or by virtue of interrogatories. It's not a proper question in a deposition.

While we do not agree that inquiry may not be made into a party's contentions during a deposition, having taken that position through his counsel, Braden foreclosed any subsequent objection to interrogatories on the ground that they requested information provided in the deposition.

■ Lastly, Braden argues that the Bank's interrogatories are too vague, call for more than the thirty answers allowed by Rule 168, and would be too burdensome to answer, all because they request him to state in detail the facts upon which he bases his claims. Again assuming without deciding that this complaint may be raised by petition for writ of mandamus, we conclude that Braden has shown no clear abuse of discretion. We acknowledge that interrogatories like the Bank's, sometimes called "contention interrogatories", may be too general, may be constructed to evade the thirty-answer limit of Rule 168, and may require an effort to respond that greatly exceeds the benefit of the information thereby disclosed. At the same time, however, we cannot say that every inquiry into the particulars underlying notice pleadings is too vague or burdensome to answer, or that every response which calls for more

---

4. The Bank's attorney has advised the Court that he performed his community service as ordered by the district court.

5. All references to rules are to the Texas Rules of Civil Procedure.

than one fact counts as more than one answer toward the maximum of thirty allowed by Rule 168. The thirty-answer limit in Rule 168, like vagueness, burdensomeness and many other standards, while not susceptible of precise definition, establishes some boundary to the range of discovery. The Bank's interrogatories in this case do not so trespass upon this boundary that it was an abuse of discretion to order that they be answered.

Braden has failed to demonstrate that the district court clearly abused its discretion in ordering him to answer the Bank's discovery requests.

## III

■ Braden next contends that the district court abused its discretion in sanctioning him and his attorney.[6] Braden argues that he is entitled to mandamus relief because he has no adequate remedy at law. We examine this argument, first with regard to the monetary sanctions imposed upon Braden, and then as to the community service Braden's attorney has been ordered to perform.

## A

Rule 215, paragraph 3, upon which the district court relied in this case, authorizes trial courts to impose appropriate sanctions upon persons who abuse the discovery process. The rule states that orders imposing such sanctions "shall be subject to review on appeal from the final judgment." There is no provision for interlocutory appeal; "[d]iscovery sanctions are not appealable until the district court renders a final judgment." *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986) (per curiam). We have held this right of appeal to be an adequate remedy for review of discovery sanctions, precluding review by

mandamus, in two cases involving assessment of attorney fees against a party. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–640 (Tex.1986) (per curiam); *Stringer v. Eleventh Court of Appeals*, 720 S.W.2d 801, 802 (Tex.1986) (per curiam). In *Street*, the trial court ordered a party to pay $1,050 attorney fees as discovery sanctions. The trial court ordered the party's pleadings struck if payment was not made within four days. In an original mandamus proceeding, the court of appeals concluded that the trial court had abused its discretion and directed it to vacate its order. On petition to this Court for mandamus, we held that the sanctioned party had an adequate remedy by appeal, and that the court of appeals' issuance of its writ was contrary to Rule 215. The sanctioned party argued that appeal was an inadequate remedy because, even if the sanctions order were ultimately reversed, actual recovery from the opposing party of the amount paid was always problematic. We rejected that argument, stating that "[t]he uncertainty of recovering the money on appeal ... is simply not a sufficient reason for the appellate court's interference with the pre-trial stages of this action." *Street*, 715 S.W.2d at 639–640. We reached the same result in *Stringer*, a case in which the court of appeals had issued mandamus to relieve a party from paying $200 attorney fees as discovery sanctions ordered by the trial court. *Stringer*, 720 S.W.2d at 802.

Our concern in both *Street* and *Stringer* was that the appeals courts not embroil themselves unnecessarily in incidental pre-trial rulings of the trial courts. If all monetary sanctions like the ones in those cases were reviewable by mandamus, it would soon cease to be an extraordinary writ. The judicial system cannot afford immediate review of every discovery sanction.

---

6. Braden's petition names only himself, and not his attorney, as relator. The petition, however, clearly asserts a claim for relief on behalf of the attorney, and the attorney would have no jurisdictional bar to adding himself as relator. We will therefore, under these circumstances, treat the attorney, like the real-party-in-interest, as a party to this mandamus proceeding. We express no opinion on the question whether, in order to seek review of sanctions by appeal, an attorney must perfect a separate appeal apart from that perfected by his client.

However, the circumstances of the present case are far different from those in *Street* and *Stringer*. The monetary sanctions in this case are unrelated to any reasonable attorney fees incurred by any party. In its motion to compel the Bank requested that Braden be ordered to reimburse its attorney fees in the amount of only $500, a small fraction of the $10,000 sanction imposed by the district court. Assessing what amounts to a penalty against a party of the magnitude of the sanction in this case, payable before any opportunity for supersedeas and appeal, does not merely raise concerns that the amount paid may not be recouped if the sanction is eventually reversed. Rather, so severe a penalty thus imposed raises the real possibility that a party's willingness or ability to continue the litigation will be significantly impaired.

■ Sanctions which terminate or inhibit the presentation of the merits of a party's claims for decision are authorized by Rule 215. These include exclusion of essential evidence, striking pleadings, dismissal and default. Rule 215, paragraph 2b(3), (4), (5). The effect of such sanctions is to adjudicate claims or defenses, not on their merits, but on the manner in which a party or his attorney has conducted discovery. We recognize that severe sanctions are sometimes necessary to prevent an abusive party from thwarting the administration of justice by concealing the merits of a case. However, such sanctions must be reserved for circumstances in which a party has so abused the rules of procedure, despite imposition of lesser sanctions, that the party's position can be presumed to lack merit and it would be unjust to permit the party to present the substance of that position before the court. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex.1991).

■ Likewise, monetary sanctions should not ordinarily be used to dispose of litigation. If the imposition of monetary sanctions threatens a party's continuation of the litigation, appeal affords an adequate remedy only if payment of the sanctions is deferred until final judgment is rendered and the party has the opportunity to supersede the judgment and perfect his appeal. The Fifth Circuit has reached the same conclusion in similar circumstances. In *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir.1988), the court recognized that the assessment of sanctions, payable prior to appeal, could in some circumstances have a "preclusive effect ... on the violating party's access to the courts." *Id.* at 882. Thus, the court held:

> We ... believe that the imposition of sanctions must not result in total, or even significant, preclusion of access to the courts.... However, if a district court imposes monetary sanctions that are made payable prior to the entry of a final appealable order, a litigant may suffer a substantial restriction on his access to the courts. Financially strapped because of the sanctions award, a litigant is unable to proceed with his case on the merits. To avoid this harsh, inequitable scenario, we conclude that if a litigant contends that a monetary sanction award precludes access to the court, the district judge must either (1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation; or (2) makes express written findings, after a prompt hearing, as to why the award does not have such a preclusive effect.

*Id.* at 882–883 n. 23. *Accord Schaffer v. Iron Cloud, Inc.*, 865 F.2d 690, 691 (5th Cir.1989) (per curiam). This procedure allows the trial court to levy some monetary sanctions during pretrial proceedings but requires that payment of more severe sanctions be deferred until an appealable judgment is rendered. We adopt this same procedure for future cases.

■ In considering what monetary sanctions are appropriate, the court should consider the prejudice which the objectionable conduct has caused the opposing party. Just as sanctions should not substitute for an adjudication of the merits of the case, so

also a party should not be permitted to abuse the rules of procedure so as to cause an opposing party such unnecessary delay and expense that he is forced to forsake his position. Monetary sanctions are appropriate to prevent a party from taking such unjust advantage of another.

■■■ For the present case, while we certainly do not fault the district court for not anticipating the procedures we adopt today, we nevertheless conclude on the record before us that ordering Braden to pay the discovery sanction imposed before rendition of an appealable judgment denied him an adequate remedy by appeal. Rather than review the propriety of those sanctions by mandamus, we hold instead that the district court must modify its order at least to allow Braden an opportunity to appeal before such sanctions must be paid.

**B**

■■■ Braden's attorney argues that if he is compelled to perform community service before an appealable judgment is rendered in the case, no relief on appeal can ever restore his time or make him whole. We agree. Time spent is different from money paid; recovery of the latter may be problematic, but recovery of the former is impossible. Nor can Braden's attorney recover damages for service the district court may have erred in requiring him to perform. Consequently, if the community service Braden's attorney is ordered to perform must be completed before he is able to obtain review of that order by appeal, his appellate remedy is plainly inadequate. If, however, the community service imposed upon Braden's attorney was not to be performed until the judgment in the case was final on appeal, Braden's attorney could fully obtain by appeal any relief to which he might be entitled. While we do not criticize this type of creative sanction,

the district court should not have the discretion, by setting the time for performance of the sanctions ordered, to determine whether a party must seek relief by appeal or by mandamus. The mandate of Rule 215, paragraph 3 that discovery sanctions be reviewable by appeal requires, at least in these circumstances, that the district court defer the time for performance of the community service ordered until after Braden has had an opportunity to appeal that order after final judgment is rendered. We hold therefore that the district court abused its discretion in ordering Braden's attorney to perform community service before Braden could appeal, and that it must modify its order accordingly.

**IV**

Finally, Braden contends that the sanctions imposed by the district court are not authorized by any rule or law. Although monetary sanctions unrelated to attorney fees and performance of community service are not among the possible sanctions enumerated in Rule 215, paragraph 2 b, the rule generally authorizes a trial court to sanction discovery abuse by "such orders ... as are just".[7] We recognize that discovery abuse is widespread and we have given trial courts broad authority to curb such abuse. We caution, however, that this authority be exercised judiciously. Justice should not tolerate abuse, but injustice cannot remedy it.

Because we have directed the district court to modify its order to allow the imposition of sanctions to be appealed, we express no opinion here whether those sanctions are authorized. That issue, as well as the basis for and propriety of those sanctions, if authorized, may be raised by Braden on appeal.

\* \* \* \* \* \*

We conditionally grant Braden's petition for writ of mandamus to direct Judge Dow-

7. The district court did not specify which part of Rule 215 he relied upon in imposing sanctions in this case. His order could be supported by paragraph 2(b), which states in part: "If a party ... fails to comply with proper discovery re-

quests, ... the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just...."

ney to modify his order to defer payment of monetary sanctions and performance of community service until final judgment is rendered to allow Braden an opportunity to appeal. In all other respects Braden's petition is denied. We are confident that Judge Downey will promptly comply with our opinion. The writ will issue only if he does not.