NO. 07-03-0461-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 3, 2004

_____

In re:  657 TRUST

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-521,359; HON. ANDREW J. KUPPER, PRESIDING

_____

*Memorandum Opinion*

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant Glen D. Aaron, II, appeals a post-judgment order through which he was ordered to pay, as sanctions for discovery abuse, $50,000 "into the registry of this Court" and $4,000 as reasonable attorney's fees incurred by the estate of Jacqueline Spencer Morgan (the Estate).  The two issues before us concern whether the trial court abused its discretion in so sanctioning Aaron.  We reverse and render in part and affirm in part.

### Background

The trial court entered an agreed judgment on May 8, 2003, declaring the 657 Trust void.  So too did it order Aaron, the trustee and residual beneficiary of the trust, to provide to Jacqueline Spencer Morgan an accounting, to deliver possession of all assets and all evidence regarding assets and liabilities of the trust, to execute all documents necessary

to effectuate the court's orders, and to maintain the status quo of all assets until properly conveyed.[1]  On July 3, 2003, the Estate filed a motion to compel and for sanctions contending that Aaron failed to comply with the court's orders in its judgment.   The trial court granted the motion on July 22, 2003, and ordered appellant to "give his oral deposition and produce all documents requested in the previously served subpoena duces tecum" on July 23, 2003.

On August 5, 2003, the Estate filed a motion for contempt and for sanctions due to appellant's continued refusal to obey the orders of the court.  After a hearing, the court granted the motion and ordered appellant to pay $4,000 in attorney's fees and $50,000 into the registry of the court as an additional sanction.

### Issue One - $50,000 Sanction

In his first issue, appellant contends that the award of $50,000 constituted a fine or penalty and, therefore, was improper.  So too does he allege that the amount lacked all reasonable relationship to the conduct sought to be rectified.  We sustain the issue.[2]

The decision to sanction a litigant for discovery abuse lies within the discretion of the trial court; we may not interfere with that decision unless it evinces an instance of abused discretion.  *Estate of Riggins,* 937 S. W.2d 11, 16 (Tex. App.–Amarillo 1996, writ

---

[1]Jacqueline Spencer Morgan is since deceased and the representative of her estate is a party to the ensuing proceedings.

[2]The Estate contends that the complaints regarding the sanctions were waived because "[t]here is no evidence in either record that Appellant . . . ever made any objection, complaint, or request for consideration as to the trial court's order requiring [their] payment . . . ."  *See Keifer v. Continental Airlines, Inc.*, 10 S.W.3d 34, 41 (Tex. App.–Houston [14th Dist.] 1999, pet. denied) (stating that where an attorney fails to complain of the sanction and fails to ask the trial court to reconsider its action, the attorney waives the complaint on appeal).  Yet, Aaron complained about the order levying sanctions in his motion to modify that he filed with the trial court.  Thus, we conclude that the issue was preserved.

denied). Whether it does so depends upon whether it comports with controlling rules and principles. *See Williams v. Akzo Nobel Chemicals, Inc.,* 999 S.W.2d 836, 842 (Tex. App.–Tyler 1999, no pet.); *Estate of Riggins,* 937 S.W.2d at 16. Next, levying a discovery sanction that does not exist under the law constitutes an instance of abuse. *Ford Motor Co. v. Tyson*, 943 S.W.2d 527, 536 (Tex. App.–Dallas 1997, orig. proceeding). Lastly, assessing a monetary fine is one such prohibited sanction. *Id.*; *see Braden v. Downey,* 811 S.W.2d 922, 930 (Tex. 1991) (noting that the trial court may, under Texas Rule of Civil Procedure 215(3), enter "such orders . . . as are just" but expressly withholding comment on whether that language permits the trial court to levy a fine or penalty).

Here, the Estate requested the trial court to levy sanctions, including reasonable attorney's fees, against Aaron due to his improper conduct. And, while it presented evidence (in the form of testimony uttered by its counsel of record) of the $4,000 attorney's fees it incurred, no evidence was presented illustrating the amount of other expenses, if any, it incurred as a result of Aaron's behavior. Nor could it be said that the $50,000 was levied for the purpose of reimbursing the Estate for its expenses given that the trial court directed Aaron to pay the sum "into the registry of this Court" rather than to the Estate. Thus, we can only conclude that in directing Aaron to pay the $50,000 to the court in addition to a $4,000 attorney's fees, the former sum was nothing short of a monetary fine or penalty. And, being such, the trial court not only lacked the authority to assess it but also abused its discretion in ordering its payment.

### Issue Two - Attorney's Fees

In his second issue, appellant contends that the trial court also abused its discretion in assessing the $4,000 attorney's fees. This is purportedly so because he was justified

3

in asserting his Fifth Amendment privilege against self-incrimination and the fees "were not properly proven up in court." We overrule the issue.

Regarding the matter of "proving up" the fees, we have perused the record before us and discovered evidence supporting the award. As to the matter of self-incrimination, the evidence of record does not indicate that the amount included reimbursement for the Estate's counsel having to appear at the deposition whereat Aaron pled the Fifth. Nor can we see how his Fifth Amendment rights were implicated by the Estate's counsel having to journey to Midland to research documents that Aaron voluntarily delivered to the FBI as opposed to the Estate.

Accordingly, we reverse that portion of the "Order Granting Plaintiff's Motion for Contempt and for Sanctions . . ." (signed on August 29, 2003) directing Aaron to pay $50,000 into the court's registry, render judgment relieving Aaron from paying the $50,000 sum, and affirm the order in all other respects.


Brian Quinn
Justice