NO.
12-07-00247-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

            

§          

 

IN RE: RICKEY LEACH,    §          ORIGINAL PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            Rickey
Leach filed a petition for writ of mandamus challenging the trial court’s order
sanctioning him for discovery violations. 
The respondent is the Honorable Thomas A. Dunn, Judge of the County
Court at Law of Smith County.  Georganna
Vickers is the real party in interest. 
We deny the petition.

Background








            Leach and Vickers are the parents of
a son, S.L.  Vickers filed a petition to
modify the child custody order governing the conservatorship of S.L.  On March 28, 2006, Vickers served Leach with a
request for production of documents. 
This document included a request for “[a]ll . . . tape or electronic
recordings, and audio/video recordings that constitute or contain matters
relevant to the subject matters of this lawsuit . . . .”  On May 22, 2006, Leach responded to this
request, stating “[n]o items have been identified–after diligent search–that
are responsive to the request.”  On
March 16, 2007, Leach’s wife secretly recorded a conversation with Vickers
in which Vickers admitted that she had been beaten by her new husband in front
of S.L. and that a registered sex offender lived within fifty yards of her
home.  On April 23, 2007, Leach’s
attorney informed Vickers’s attorney that the recording existed.  Because Leach’s attorney disclosed the recording
so near the impending trial setting, he agreed to a continuance of that
setting.  On April 25, 2007, Vickers’s
attorney traveled to Leach’s attorney’s office and listened to the
recording.  On May 16, 2007, Leach’s
attorney formally supplemented Leach’s response to Vickers’s request for
production to include the recording.

            On May 18, 2007, Leach’s attorney
again supplemented Leach’s response to Vickers’s request for production,
stating that additional recordings existed, but did not provide them.  In response to this revelation, Vickers filed
a motion to compel production and for sanctions.  Vickers also subpoenaed the additional
recordings, seeking that they be produced at the hearing on her motion.  At the hearing, Leach’s wife testified that
she had been secretly recording her conversations with Vickers since 2002.  Nonetheless, with the exception of the March
16 recording, none had been supplied to Vickers in response to the request for
production.  Leach also testified,
alleging that the other recordings had not been supplied because they were not
relevant.

            Following the hearing, the
respondent trial judge ordered Leach to pay $2,500 to Vickers for discovery
expenses and court costs.  He also
ordered Leach to pay Vickers’s attorney $5,000 in attorney’s fees.  Finally, he ruled that Leach’s failure to pay
these amounts by July 7, 2007, a date that was twenty-four days before the
trial setting, would result in Leach’s pleadings being stricken.  Leach now brings this original proceeding
seeking reversal of the respondent’s order. 
On Leach’s motion, we stayed further proceedings in the trial court
pending our disposition in this proceeding.

 

Availability of Mandamus

            Leach filed a motion for rehearing
and a supplemental motion for rehearing. 
In his motion for rehearing, Leach argued that he had not engaged in
sanctionable conduct and that the monetary sanctions ordered by the respondent
were excessive.  In this original
proceeding, Leach asserts these grounds in his first, second, and third
issues.  In his supplemental motion for
rehearing, Leach added a new ground, asserting that being ordered to pay $7,500
in sanctions would destroy his ability to continue the litigation because he
would not be able to pay his attorney. 
Leach asserts this new ground as his fourth issue in this original
proceeding.

            Mandamus is an extraordinary remedy
and was intended to be available “only in situations involving manifest and
urgent necessity and not for grievances that may be addressed by other
remedies.”  Walker v. Packer,
827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding).  For Leach to be entitled to relief by
mandamus, he must meet two requirements. 
First, he must show that the trial court clearly abused its
discretion.  Id.  Second, he must show that he lacks an
adequate remedy at law, such as an ordinary appeal.  See id.  

            The right to an ordinary appeal is
generally an adequate remedy for redressing allegedly erroneous monetary
discovery sanctions.  See Braden v.
Downey, 811 S.W.2d 922, 928 (Tex. 1991) (orig. proceeding).   If the imposition of monetary sanctions
threatens a party’s continuation of the litigation, ordinary appeal affords an
adequate remedy only if payment of the sanctions is deferred until final
judgment is rendered.  Id. at
929.  Leach has an adequate remedy by
ordinary appeal for the complaints he raises in his first, second, and third
issues.  Id. at
928-29.  Therefore, Leach is not entitled
to mandamus relief regarding these issues. 
See Walker, 827 S.W.2d at 840.

            As to Leach’s fourth issue, that
being ordered to pay $7,500 in sanctions would destroy his ability to continue
the litigation, Vickers argues that Leach has failed to preserve his complaint
for review. 

            Rule 33.1(a) of the Texas Rules of
Appellate Procedure states as follows:

 

(a)           In General. As a prerequisite to presenting a complaint
for appellate review, the record must show that:

 

(1)           the complaint was made to the trial
court by a timely request, objection, or motion that:

 

     (A)     stated
the grounds for the ruling that the complaining party sought from the trial
court with sufficient specificity to make the trial court aware of the
complaint, unless the specific grounds were apparent from the context; and

 

     (B)     complied
with the requirements of the Texas Rules of Civil or Criminal Evidence or the
Texas Rules of Civil or Appellate Procedure; and

 

(2)           the trial court:

 

     (A)     ruled
on the request, objection, or motion, either expressly or implicitly; or

 

     (B)     refused
to rule on the request, objection, or motion, and the complaining party
objected to the refusal.

 

Tex. R. App. P. 33.1(a).  This rule applies equally to mandamus review
and review by ordinary appeal.  See In
re E. Tex. Med. Ctr. Athens, 154 S.W.3d 933, 936 (Tex. App.–Tyler 2005,
orig. proceeding).  It ensures that the
trial court has the opportunity to rule on matters for which parties later seek
review in the appellate court.  Id.  Equity is generally not served by issuing an
extraordinary writ against a trial court on a ground that was never presented
to the court and that the court thus had no opportunity to address.  In re Bank of Am., N.A., No.
01-02-00867-CV, 2003 WL 22310800, at *2 (Tex. App.–Houston [1st Dist.] Oct. 9,
2003, orig. proceeding) (mem. op. on reh’g).

            Here, Leach failed to raise the
ground in question before the trial court issued its sanction order.  Therefore, Leach failed to initially preserve
this ground for review.  See In re
E. Tex. Med. Ctr. Athens, 154 S.W.3d at 936; see also Tex. R. App. P. 33.1(a).   Leach asserts that he did preserve the
ground because it was raised in his supplemental motion for rehearing.  However, Leach failed to secure a ruling on
his rehearing motions.

            Leach alleges that the trial court
refused to set his rehearing motions for a hearing.  But there is nothing in the record that shows
Leach ever objected to the trial court’s failure to rule.  Instead, it appears from the record that
Leach chose to file this original proceeding in lieu of making further protests
to the trial court.

            Where a motion is not ruled on, the
complaining party must object to the refusal to rule to preserve the matter for
mandamus review.  See In re E. Tex.
Med. Ctr. Athens, 154 S.W.3d at 936; see also Tex. R. App. P. 33.1(a).  Although the record shows that Leach objected
to the trial court’s refusal to grant a hearing, it does not show that he
objected to its failure to rule on his motions. 
Further, Leach does not raise either failure as an issue here.  Therefore, Leach has not preserved his fourth
issue for review in this proceeding.  See In re E. Tex. Med. Ctr.
Athens, 154 S.W.3d at 936; see also Tex. R. App. P. 33.1(a). 

 

Disposition

            Leach’s petition for writ of
mandamus is denied, and our stay of July 5, 2007 is lifted.

            

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion delivered August 15,
2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

                                                                                    

 

 

 

(PUBLISH)