Opinion filed July 31, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 31,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00185-CV 

                                                     __________

 

                     IN
RE JACK WATSON AND DONALD L. ANDERSON, JR.

 



                                                                              

                                                Original
Mandamus Proceeding

 



 

                                             M
E M O R A N D U M   O P I N I O N

This
is a petition for writ of mandamus complaining of the trial court=s order sanctioning Jack
Watson and Donald L. Anderson attorney=s
fees of $5,000. 

I. Background Facts

This
dispute arises out of a will contest.  Eddie Edington submitted a will executed
by Merl Dean Koenig in 2003 for probate.  Watson contested Edington=s application contending
that Koenig lacked testamentary capacity or, alternatively, that the 2003 will
was procured by undue influence.  Watson also applied to probate a will that
Koenig executed in 2000.








Edington
served requests for production on Watson.  These included a request for the
original of the 2000 will. Watson responded that he did not have the original
will.  Edington deposed Watson and asked him what steps he had taken to locate
the original.  Edington also asked about envelopes that Watson may have given
to Mr. Gilliland with the West Texas Rehabilitation Center.  Watson responded
that he assumed the envelopes contained wills and said that he did not ask
Gilliland to return them when he received Edington=s request for production.  Edington filed a
motion for sanctions, contending that Watson=s
failure to inquire into the whereabouts of the 2000 will violated Tex. R. Civ. P. 215.2(b). Watson filed
a response asserting that he and his counsel had been advised prior to filing
their application for probate that the West Texas Rehabilitation Center no
longer had Koenig=s
original 2000 will.  The trial court conducted a hearing and found that Watson
and his counsel abused the discovery process and sanctioned them $5,000 in
attorney=s fees.

II.
Issues on Appeal

Watson
and Anderson=s
petition raises two issues:  did the trial court abuse its discretion by
sanctioning them and do they have an adequate remedy by ordinary appeal.

                                                                    III. 
Analysis

To
obtain mandamus relief, a relator must show not only that the trial court clearly
abused its discretion but also that the relator has no adequate remedy by
appeal.  In re Sw. Bell Tel. Co., L.P., 226 S.W.3d 400, 403 (Tex. 2007)
(orig. proceeding).  Watson and Anderson complain that they have no adequate
remedy by ordinary appeal because they were denied fundamental due process when
the trial court did not require Edington to proffer sufficient evidence to
support a finding of abuse of discovery or to support the amount of sanctions
awarded.








This
argument impermissibly compresses the two preconditions for a writ of
mandamus.  No matter how meritorious their position may have been below, when
considering whether they have an adequate remedy by appeal, the question is
whether the trial court=s
error affected a substantive right.  See In re McAllen Med. Ctr., Inc.,
No. 05-0892, 2008 WL 2069837, at *3 (Tex. May 16, 2008) (orig. proceeding). 
Texas courts have held that an ordinary appeal is an adequate remedy for a
monetary discovery sanction.   See, e.g., TransAmerican Natural Gas Corp. v.
Powell, 811 S.W.2d 913, 920 (Tex. 1991); Braden v. Downey, 811
S.W.2d 922, 928 (Tex. 1991).  An exception to this rule lies when the
imposition of monetary sanctions threatens a party=s continuation of the litigation and its
payment is not deferred until rendition of final judgment.  See Braden,
811 S.W.2d at 929.  Watson and Anderson do not contend that this exception
applies.  Consequently, we find that they have an adequate remedy by direct
appeal.

IV. 
Holding

The
petition for writ of mandamus is denied without prejudice to relators= right to challenge the
discovery sanction by direct appeal.  

 

 

RICK STRANGE

JUSTICE

July 31, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.