In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-380 CV


____________________



IN RE EDWARD ARNOLD, CAL-SCAN USA, L.P., 


and CAL-SCAN SERVICES, LTD.






Original Proceeding






MEMORANDUM OPINION


 Relators Edward Arnold, Cal-Scan USA, L.P., and Cal-Scan Services, Ltd. filed a
petition for writ of mandamus in which they ask this Court to "void" the trial court's order
that imposed evidentiary sanctions and required them to pay $30,000 in attorney's fees and
costs as a sanction for spoliation of evidence. The order recites that the trial court had
previously ordered sanctions against relators, but relators do not provide a copy of the first
order or explain the basis for the prior sanctions. 

 Mandamus will issue only to correct a clear abuse of discretion or violation of a duty
imposed by law when that abuse cannot be remedied by appeal. In re Prudential Ins. Co. of
Am., 148 S.W.3d 124, 135-36 (Tex. 2004); Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992). The Supreme Court has made clear that "[i]f the imposition of monetary sanctions
threatens a party's continuation of the litigation, appeal affords an adequate remedy only if
payment of the sanctions is deferred until final judgment is rendered and the party has the
opportunity to supersede the judgment and perfect his appeal." Braden v. Downey, 811
S.W.2d 922, 929 (Tex. 1991); see also In re TIG Ins. Co., 172 S.W.3d 160, 171 (Tex. App.--Beaumont 2005, orig. proceeding) ("[W]here sanctions are imposed, the trial court should
delay the payment of sanctions until the termination of the lawsuit, or make a written finding
that the payment of sanctions would not obstruct the ability of the party being sanctioned to
defend the suit."). However, relators do not argue in this Court that the imposition of the
attorney's fees and costs threatens their ability to continue or defend the litigation. If this
contention is made in the trial court, we are confident the trial court will defer the payment
or hold the necessary hearing, and modify its order to comply with Braden. See Braden, 811
S.W.2d at 929. After reviewing the mandamus petition, we conclude that the relators have
not demonstrated an abuse of discretion by the trial court for which no adequate remedy by
appeal exists. Accordingly, we deny the petition for writ of mandamus.

 PETITION DENIED.

 PER CURIAM


Opinion Delivered September 25, 2008


Before McKeithen, C.J., Gaultney and Kreger, JJ.