**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 11, 2011.**



**In The**

# Fourteenth Court of Appeals

_____

## NO. 14-11-00873-CV

_____

### IN RE ALLEN L. ADKINS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Court at Law No. 3**
**Galveston County, Texas**
**Trial Court Cause No. CV-0064944**

---

## M E M O R A N D U M   O P I N I O N

On October 10, 2011, relator Allen L. Adkins filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In his petition, relator seeks to have this court compel the respondent, the Honorable Christopher Dupuy, presiding judge of County Court at Law No. 3 of Galveston County, to vacate or rescind his order signed September 26, 2011, imposing $500 in sanctions. Relator also filed a motion for emergency relief. *See* Tex. R. App. P. 52.10(a).

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate

remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *Id.* at 136.

The Supreme Court of Texas has held that the imposition of monetary sanctions is generally not subject to review by mandamus. *Braden v. Downey,* 811 S.W.2d 922, 929 (Tex. 1991) (holding that if the imposition of sanctions threatens a party's continuation of the litigation, appeal affords an adequate remedy only if payment of the sanctions is deferred until a final judgment is rendered and the party has the opportunity to supersede the judgment and perfect an appeal). Here, the sanctions were imposed with the final dismissal judgment and may be appealed. *See In re Kristina S.,* No. 14-10-00966-CV, 2010 WL 4203122, *1 (Tex. App.—Houston [14th Dist.] Oct, 28, 2010, orig. proceeding) (mem. op.) (denying mandamus relief from sanctions order because relator could suspend payment of sanctions pending appeal).

Relator has an adequate remedy by appeal and suspension of enforcement of the trial court's judgment pending appeal. *See* Tex. R. App. P. 24.1. Accordingly, we deny relator's motion for emergency relief and petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.

2