# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00614-CV

**In re Margaret Knox**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Margaret Knox has filed a petition for writ of mandamus complaining of the trial court's order directing her or her counsel to pay $2,750.00 for attorneys' fees incurred by Real Party in Interest Cabot-Chase, Ltd. on or before September 13, 2013.[1] Relator asserts that the trial court abused its discretion by ordering payment to be made before the award could be appealed and that the sanctions awarded are excessive and not related to the abuse found by the trial court. We deny the petition.

### BACKGROUND

In the underlying lawsuit, Cabot-Chase served Relator with a set of requests for production of documents. Relator objected to all but two of the requests and produced no documents. Cabot-Chase filed a motion to compel Relator to respond to the document requests.

---

[1] The trial court's order originally ordered payment by August 23, 2013, but because that date had passed by the time the trial court heard Relator's motion to vacate or modify the order, the trial court extended the payment date to September 13, 2013. Relator filed her petition in this Court on September 11, 2013. We stayed the portion of the trial court's order directing payment of the $2,750.00 by September 13.

During the deposition of one of Cabot-Chase's witnesses, Relator terminated the deposition and complained in a motion to compel that the witness had refused to provide documents requested in the notice of deposition and refused to answer a number of questions during the deposition. Relator's motion to compel also addressed Cabot-Chase's objections to Relator's interrogatories, requests for admission, and requests for production.

The trial court held a hearing on the motions to compel. At the conclusion of the hearing the court overruled all of Relator's objections and granted Cabot-Chase's motion to compel in its entirety. The court sustained all of Cabot-Chase's objections to Relator's interrogatories and requests for production and all but two of Cabot-Chase's objections to Relator's requests for admission. The court also overruled all of Relator's complaints about the terminated deposition.

During the hearing on the motions to compel, Cabot-Chase introduced evidence that it had incurred $4,400.00 in attorneys' fees in connection with bringing its motion to compel and responding to Relator's motion. The court awarded Cabot-Chase attorneys' fees in the amount of $2,750.00, which it ordered paid by August 23, 2013. On August 21, 2013, Relator filed a motion to vacate the order, contending that the order should be vacated in its entirety or modified such that payment of the attorneys' fees was not required until the conclusion of the case. In the verified motion to vacate, Relator stated that "the [$2,750.00] monetary sanction imposed by the court threatens [Relator's] continuation of the litigation." After conducting a hearing on the motion to

2

vacate, during which no evidence was presented, the trial court denied Relator's motion to vacate and ordered payment by September 13, 2013.[2]  Relator then filed this petition.

## DISCUSSION

Relator asserts that the trial court abused its discretion by denying her request to make the $2,750.00 award payable only when there is a final, appealable order in this case and by failing to make a finding as to why the award would not have a preclusive effect on Relator's ability to pursue this litigation. *See Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991) (adopting procedure whereby when party contends that monetary sanction award precludes its access to court, trial court must either provide that sanction is payable at date coinciding with or after entry of final order terminating litigation or make express written findings after prompt hearing as to why award does not have such effect).  In the present case Relator did contend, in a verified motion to vacate or modify the order, that payment of the monetary award would preclude her access to the court.  Other than making this conclusory statement, however, Relator failed to present any evidence or further explanation as to why an order directing her or her counsel to pay $2,750.00 would actually threaten her ability to continue the litigation.  Consequently, Relator has failed to meet her burden to demonstrate to the court that, under the standard adopted in *Braden*, the payment of these sanctions must be deferred until the court has rendered an appealable judgment.  Relator also complains that the trial court did not make an express written finding that the award does not have a preclusive effect on Relator's access to the court and that the failure to make such a finding violates the

---

[2] Relator does not contend that she requested or attempted to present evidence at the hearing, and the record does not reflect that the trial court denied any request to present evidence.

mandatory *Braden* procedure.  However, because Relator did not present any evidence to the court that could possibly support such a finding, any error in failing to make that finding was not harmful. Furthermore, we conclude that the award of $2,750.00 for attorneys' fees incurred by Cabot-Chase in connection with litigating the discovery disputes is neither excessive nor unrelated to the conduct the court found Relator engaged in.  *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (for sanction to be just, there must be direct relationship between offensive conduct and sanction, and sanction must not be excessive).  The sanction was, therefore, a permissible sanction pursuant to rule 215.  *See* Tex. R. Civ. P. 215(3) (court may impose appropriate authorized sanction on parties who abuse discovery process).

The petition for writ of mandamus is denied.  *See* Tex. R. App. P. 52.8(a).  The stay order issued by this Court on September 12, 2013, is lifted.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Filed:   February 7, 2014

4