**Denied and Opinion Filed July 5, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00674-CV

**IN RE GREGORY D. DUNCAN, Relator**

**Original Proceeding from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-08535**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Stoddart
Opinion by Chief Justice Wright

In this original proceeding, relator Gregory D. Duncan complains of a sanctions order that requires him to pay monetary sanctions before trial. He seeks a writ of mandamus directing the trial court to vacate the sanctions order. We stayed the sanctions order and requested a response to the petition. After reviewing the petition, the response of the real party in interest, Duncan's reply, and the record, we conclude Duncan is not entitled to the relief requested because he has not shown a clear abuse of discretion.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). In *Braden v. Downey*, 811 S.W.2d 922 (Tex. 1991), the Texas Supreme Court adopted a procedure regarding when a trial court may order monetary sanctions payable prior to entry of a final, appealable order. If a party contends that a monetary sanction award precludes its access to the court, then a trial court must either (1) order

the sanction payable at a date coinciding with or after entry of final order terminating the litigation, or (2) make express written findings after a prompt hearing as to why the award does not preclude the party's access to the court. *Id.* at 929. "If the imposition of monetary sanctions threatens a party's continuation of the litigation, appeal affords an adequate remedy only if payment of the sanctions is deferred until final judgment is rendered and the party has the opportunity to supersede the judgment and perfect his appeal." *Id.* The party opposing the sanctions has the burden to show that the pre-judgment payment of sanctions threatens his willingness or ability to continue the litigation. *See In re Cannon*, No. 04-04-00111-CV, 2004 WL 1732452, at *1 (Tex. App.—San Antonio Aug. 4, 2004, orig. proceeding) (mem. op.) (denying mandamus where relator failed to show sanctions threatened his willingness or ability to continue the litigation) (citing *Braden*, 811 S.W.2d at 928); *see also In re Knox*, No. 03-13-00614-CV, 2014 WL 538758, at *1 (Tex. App.—Austin Feb. 7, 2014, orig. proceeding) (mem. op.) (relator's conclusory statement that payment of sanctions would preclude her access to court was insufficient to meet burden of proof required by *Braden*).

Here, the only evidence presented regarding the impact of an order requiring immediate payment of sanctions was relator's conclusory testimony that an order making sanctions immediately payment would "render my defense impossible" and "make it impossible for me to continue" with the litigation. Duncan's conclusory statements are insufficient to meet his burden of proof under *Braden*. *See In re Cannon*, 2004 WL 1732452, at *1; *see also In re Knox*, 2014 WL 538758, at *1.

Based on the record before us, we conclude relator has not shown he is entitled to the relief requested. Accordingly, we deny relator's petition for writ of mandamus.

*See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Carolyn Wright/

CAROLYN WRIGHT
CHIEF JUSTICE

180674F.P05