**Conditionally Grant and Opinion Filed August 23, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-24-00229-CV

## IN RE STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, TODD JOSEPH DAUPER, AND ARMANDO DE DIEGO, Relators

**Original Proceeding from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-00225-D**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Breedlove
Opinion by Justice Molberg

In this mandamus proceeding, relators include State Farm Mutual Automobile Insurance Company and Todd Joseph Dauper (collectively, "State Farm"),[1] as well as their attorney, Armando De Diego. Relators challenge three sanctions orders requiring De Diego to pay up to $88,240 before final judgment to counsel for plaintiff and real party in interest, Alexander Nicastro. After the trial court signed those sanctions orders, relators filed in our Court a petition for writ of mandamus and an emergency motion for stay of those orders, contending in their petition that

---

[1] Relator Dauper is a State Farm adjuster. For simplicity, and as is consistent with relators' own petition, we refer to State Farm and Dauper together as State Farm.

the trial court abused its discretion in requiring De Diego to pay the sanctions award before the rendition of final judgment and that State Farm and De Diego have no adequate remedy by appeal because the sanctions orders have a preclusive effect on State Farm's access to the courts and ability to retain the counsel of its choice. By our order of February 29, 2024, we granted in various respects relators' emergency motion and stayed portions of the challenged orders.[2]

Below, without addressing the merits of the sanctions orders, we conditionally grant the petition and direct the trial court, within seven days of the date of this order, to sign a new order either (1) providing that the amounts ordered to be paid by De Diego in its February 19, 2024 and February 26, 2024 orders are payable only at a date that coincides with or follows entry of a final order terminating the litigation and vacating the portions of its February 19, 2024 and February 26, 2024 orders providing earlier deadlines or (2) promptly setting a hearing and making express written findings explaining why ordering De Diego to pay the amounts ordered in its February 19, 2024 and February 26, 2024 orders before entry of a final judgment

---

[2] Specifically, our February 29, 2024 order stayed enforcement of the portion of two of the trial court's February 19, 2024 orders whereby the trial court ordered De Diego, in each of the two orders, to pay any "monetary fees within fifteen (15) days of the signing of this Order" and the portion of the trial court's February 26, 2024 Order Granting Plaintiff's Requests for Sanctions (Contained In Plaintiff's Response to Defendants' Motion to Abate Trial Pending Results of Appeal) whereby the trial court ordered [De Diego] to pay any "monetary fees within seven (7) days of the signing of this Order."

will not significantly impair State Farm's willingness or ability to continue the litigation.[3]

## I. BACKGROUND

We will briefly summarize only the pertinent facts because the merits of the underlying litigation are not at issue in this original proceeding,

In three orders signed in February 2024, the trial court granted certain motions for sanctions filed by real party in interest and plaintiff Alexander Nicastro. In each order, the trial court found De Diego had acted in bad faith and ordered De Diego to pay to Nicastro's counsel up to $88,240 within a short time frame and before final judgment.[4]

---

[3] Also within seven days of the date of this order, the trial court shall file in this Court a written notification informing this Court of the action taken in compliance with this order. A writ will issue only if the trial court fails to comply within seven days of the date of this opinion.

[4] Trial was scheduled to begin August 13, 2024. The three orders required De Diego to pay as follows:

(1) one February 19, 2024 order required De Diego to pay Nicastro's counsel, within fifteen days of the date of that order, $3,685 as reimbursement for Nicastro's attorneys' fees, $10,000 in sanctions, $7,500 if defense counsel filed and was unsuccessful in an appeal or mandamus proceeding in this Court, and $10,000 if defense counsel filed and was unsuccessful in an appeal or mandamus proceeding in the Texas Supreme Court;

(2) another February 19, 2024 order required De Diego to pay Nicastro's counsel, within fifteen days of the date of that order, $3,975 as reimbursement for Nicastro's attorneys' fees, $10,000 in sanctions, $7,500 if defense counsel filed and was unsuccessful in an appeal or mandamus proceeding in this Court, and $10,000 if defense counsel filed and was unsuccessful in an appeal or mandamus proceeding in the Texas Supreme Court; and

(3) the February 26, 2024 order required De Diego to pay Nicastro's counsel, within seven days of the date of that order, $3,080 as reimbursement for Nicastro's attorneys' fees, $5,000 in sanctions, $7,500 if defense counsel filed and was unsuccessful in an appeal or mandamus proceeding in this Court, and $10,000 if defense counsel filed and was unsuccessful in an appeal or mandamus proceeding in the Texas Supreme Court.

In their petition in our Court, relators describe the sanctions as requiring De Diego to pay $35,740 before an appealable judgment, not the $88,240 figure we describe elsewhere in the opinion. The difference in the two figures is $52,500, which consists of the total amount the trial court ordered if defense counsel filed and was unsuccessful in an appeal or mandamus proceeding in this court or in the Texas Supreme

Before those orders were signed, relators opposed requiring payment of sanctions before final judgment on the ground that doing so would prevent the litigation from going forward. Specifically, in a February 2, 2024 hearing, De Diego argued:

> First of all, requiring the payment of sanctions within 15 days from the date of the order is essentially a – something that the court cannot do because you are essentially preventing the litigation from going forward. There's case law on that point.
>
> If you make it so that it's after the trial of the case, you eliminate that potential problem. But sanctions that you're awarding is essentially something that can stop the litigation. And the Supreme Court has said that's not an appropriate thing to do.

Despite relators' argument, which they raised again shortly after the February 2, 2024 hearing,[5] the trial court signed its two February 19, 2024 orders and its February 26, 2024 order requiring De Diego to pay Nicastro's counsel up to $88,240

---

Court. We describe the sanctions as we do because each of the sanctions orders state that De Diego "shall pay the above monetary fees" after describing the amounts included in paragraphs (1) through (3) above.

[5] In written objections filed by State Farm on February 6, 2024, De Diego argued that "[r]equiring the payment of sanctions before the conclusion of the case has a chilling effect on [State Farm's] defense . . . and is therefore improper under Texas law." The next day, in a letter to the trial court with a courtesy copy of those written objections, De Diego argued:

> [I]f the Court is considering awarding the sanctions announced during the [February 2, 2024] hearing . . . my clients and I request that instead of being due within 15 days from the date the order is signed, the sanctions be due after a judgment in this case. First, the timing of the payment of sanctions within 15 days of the date of the order is an abuse of discretion since it does not give my clients and me the opportunity to appeal the sanctions order before the award is due. *In re Casey*, 589 S.W.3d 850, 854–55 (Tex. 2019). The Supreme Court noted in *In re Casey* that the payment of $8,521.50 was such a sizable sanctions award that making it payable before rendition of an appealable order could have a "preclusive effect on access to the courts" and should not be used to dispose of litigation. *Id.* at 855, [citing] *Braden v. Downey*, 811 S.W.2d 922 (Tex. 1991) as additional support. In *Braden v Downey*, the Supreme Court similarly found the timing of the payment of sanctions before there was an opportunity to appeal was an abuse of discretion. *Id.* at 930.

within a short time frame and before final judgment. None of those orders include findings explaining why ordering De Diego to pay the amounts ordered before entry of final judgment does not preclude State Farm's access to the courts. This mandamus proceeding followed.

## II. ISSUES AND ANALYSIS

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Relators argue the trial court abused its discretion in requiring De Diego to pay the sanctions award before the rendition of final judgment and that State Farm and De Diego have no adequate remedy by appeal because the sanctions orders have a preclusive effect on State Farm's access to the courts and ability to retain the counsel of its choice. Nicastro disputes both arguments.

In *Braden*, the Texas Supreme Court recognized that, "[i]f the imposition of monetary sanctions threatens a party's continuation of the litigation, appeal affords an adequate remedy only if payment of the sanctions is deferred until final judgment is rendered and the party has the opportunity to supersede the judgment and perfect his appeal." 811 S.W.2d at 929. To address the harsh, inequitable scenario that may arise when the imposition of monetary sanctions threatens a party's continuation of

the litigation, *Braden* adopted the procedure used in *Thomas v. Capital Security*

*Services, Inc.*, 836 F.2d 866 (5th Cir. 1988), which provides:

> [I]f a litigant contends that a monetary sanction award precludes access to the court, the [trial] judge must either (1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation; or (2) makes express written findings, after a prompt hearing, as to why the award does not have such a preclusive effect.

*Braden*, 811 S.W.2d at 929 (quoting *Thomas*, 836 F.2d at 882–83 n.23 and stating,

"We adopt this same procedure for future cases.").

> Later, the Texas Supreme Court further explained,

> Subject to good-faith pleading requirements, when a litigant . . . "contends that a monetary sanction award precludes access to the court," the court "must either (1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation; or (2) make[ ] express written findings, after a prompt hearing, as to why the award does not have such a preclusive effect."

*In re Casey*, 589 S.W.3d 850, 855 (Tex. 2019) (orig. proceeding) (per curiam)

(quoting *Braden*, 811 S.W.2d at 929).  Courts shall presume that pleadings, motions,

and other papers are filed in good faith.  TEX. R. CIV. P. 13.

> Additionally, the court explained,

> *Braden* concerns are implicated based on a sanction order's requirement that the sanction be paid in advance of an appealable judgment, and when properly invoked, the *Braden* process favors deferral by making that the default unless the trial court supports the requirement of an upfront payment by (1) holding a "prompt hearing" and (2) making "express written findings" that the immediate-payment requirement will not significantly impair a party's willingness or ability to continue the litigation. *Braden*, 811 S.W.2d at 929–30 (requiring deferral when a party contends prepayment will have a preclusive effect

unless the court holds a prompt hearing and makes express fact findings).

*In re Casey*, 589 S.W.3d at 856.

Here, during the February 2, 2024 hearing, relators effectively contended in the trial court that requiring De Diego to make the payments before entry of final judgment would preclude State Farm's access to court. *See In re Harvey*, No. 02-23-00401-CV, 2023 WL 8643022, at *5 (Tex. App.—Fort Worth Dec. 14, 2023, orig. proceeding) (mem. op.); *see also* TEX. R. CIV. P. 13 ("Courts shall presume that pleadings, motions, and other papers are filed in good faith.").

In light of relators' presumptively good faith contention that requiring De Diego to make the payments before entry of final judgment would preclude State Farm's court access, under both *Braden* and *Casey*, the trial court should have either (1) provided that the sanctions are payable only at a date that coincides with or follows entry of a final order terminating the litigation; or (2) made express written findings, after a prompt hearing, as to why the award does not have such a preclusive effect. *See In re Casey*, 589 S.W.3d at 856; *Braden*, 811 S.W.2d at 929; *see also In re Harvey*, 2023 WL 8643022, at *6.

Because the trial court did neither, we conclude the trial court abused its discretion by ordering De Diego to pay the monetary sanctions prior to final judgment without making express written findings concerning why the monetary sanctions did not have a preclusive effect on State Farm's access to the court, and that, by doing so, the trial court effectively prevented relators from having an

adequate remedy by appeal. *See In re Casey*, 589 S.W.3d at 856; *Braden*, 811 S.W.2d at 929; *see also In re Harvey*, 2023 WL 8643022, at *6.[6] The trial court erred not by making the wrong call on the *Braden* analysis but instead by failing to do what *Braden* and *In re Casey* required when faced with the presumptively good-faith contentions relators made in this case.

### III. CONCLUSION

Without addressing the merits of the sanctions orders, we conditionally grant relators' petition and direct the trial court, within seven days of the date of this order, to sign a new order either (1) providing that the amounts ordered to be paid by De Diego in its February 19, 2024 and February 26, 2024 orders are payable only at a date that coincides with or follows entry of a final order terminating the litigation and vacating the portions of its February 19, 2024 and February 26, 2024 orders providing earlier deadlines or (2) promptly setting a hearing and thereafter making express written findings explaining why ordering De Diego to pay the amounts ordered in its February 19, 2024 and February 26, 2024 orders before entry of a final judgment will not significantly impair State Farm's willingness or ability to continue the litigation. Also within seven days of the date of this order, the trial court shall file in this Court a written notification informing this Court of the action taken in

---

[6] While we reached a different conclusion as to the inadequate remedy element in *In re Conry*, No. 05-22-01279-CV, 2022 WL 17369354, at *1 (Tex. App.—Dallas Dec. 2, 2022, orig. proceeding) (mem. op.), that case is materially distinguishable, as Conry did not contend the sanction affected her willingness or ability to proceed and provided no mandamus record to show such a contention was made in the trial court. *Id*.

compliance with this order. The writ will issue only if the trial court fails to comply within seven days of the date of this opinion.

The temporary stay that this Court issued on February 29, 2024, is ordered dissolved upon the trial court's compliance with this Court's order accompanying this opinion.

/Ken Molberg/
KEN MOLBERG
JUSTICE

240229F.P05