**Opinion issued August 7, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00804-CV

_____

## IN RE SHILPA B. TRIVEDI, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

By petition for writ of mandamus, Shilpa B. Trivedi seeks to vacate the trial

court's August 9, 2016 order requiring her to pay $41,574.38 in interim attorneys'

fees, relating to a discovery dispute between Trivedi and real-parties-in-interest

("RPIs").[1]  The order also provides that, should Trivedi not pay the attorney's fees

---

[1]     The underlying case is *F&D Investments, LLC v. Shilpa B. Trivedi*, cause number 2014-54049, pending in the 215th District Court of Harris County, Texas, the Hon. Elaine Palmer presiding.

within 60 days of the order's date, her pleadings will be struck.[2] In her mandamus petition, Trivedi challenges both the attorneys' fees award and the conditional striking of her pleadings.

Mandamus is an extraordinary remedy, available only when the relator can show both that (1) the trial court clearly abused its discretion, and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (citing *Walker*, 827 S.W.2d at 840). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.,* 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding).

Although RPIs dispute the description, Trivedi characterizes the interim attorneys' fees award as a monetary discovery sanction. Assuming without deciding that Trivedi is correct in her characterization, we recognize that "[m]onetary sanctions are generally not subject to mandamus because they can be properly reviewed on appeal from a final judgment." *In re Noble Drilling (Jim*

---

[2] On Trivedi's motion, we stayed the August 9, 2016 order pending the outcome of this original proceeding.

*Thompson), L.L.C.*, 449 S.W.3d 625, 632 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

"In *Braden v. Downey*, 811 S.W.2d 922 (Tex. 1991), the Supreme Court of Texas adopted a procedure regarding when a trial court may order monetary sanctions payable prior to entry of a final, appealable order." *In re Duncan*, No. 05–18–00674–CV, 2018 WL 3301600, at *1 (Tex. App.—Dallas July 5, 2018, orig. proceeding) (mem. op.). If a party contends that a monetary sanction award precludes its access to the court, then a trial court must either (1) order the sanction payable at a date coinciding with or after entry of final order terminating the litigation, or (2) make express written findings after a prompt hearing as to why the award does not preclude the party's access to the court. *Braden*, 811 S.W.2d at 929.

"If the imposition of monetary sanctions threatens a party's continuation of the litigation, appeal affords an adequate remedy only if payment of the sanctions is deferred until final judgment is rendered and the party has the opportunity to supersede the judgment and perfect his appeal." *Id.* However, "[t]he party opposing the sanctions has the burden to show that the pre-judgment payment of sanctions threatens his willingness or ability to continue the litigation." *In re Duncan*, 2018 WL 3301600 at *1; *see In re Noble Drilling*, 449 S.W.3d at 632 (denying mandamus relief for $50,498.05 in monetary sanctions because there was

"no evidence in the record that the payment of these additional fees would hinder Noble's ability to defend this litigation"); *In re Knox*, No. 03–13–00614–CV, 2014 WL 538758, at *1 (Tex. App.—Austin Feb. 7, 2014, orig. proceeding) (mem. op.) (denying mandamus relief, holding that relator's conclusory statement that payment of sanctions would preclude her access to court was insufficient to meet burden of proof required by *Braden*).

Here, Trivedi filed a motion to rescind the attorneys' fees awarded. RPIs responded, asserting that Trivedi had the financial means to pay the attorneys' fees. Trivedi replied, citing *Braden* and asserting that she did "not have cash to comply with the court's order" and that "the order threatens continuation of the litigation." In her request for a hearing on the motion, Trivedi asserted that "[t]here is little time to get money together–and even so, there is not enough money to pay it."

The trial court signed an order denying Trivedi's request to rescind the attorneys' fees award. The order stated that the trial court had considered Trivedi's motion, RPIs' responses, and the arguments of counsel. We note that the mandamus record contains no record of the hearing on the motion to rescind or any evidence presented to the trial court regarding the motion. In their responses to the mandamus petition, RPIs state that the trial court conducted a hearing on the motion to rescind, but no reporter's record was made of the hearing. Thus, beyond her conclusory statements in her filings, the mandamus record does not

4

demonstrate that Trivedi offered evidence to meet her burden of showing that payment of the attorneys' fees would threaten her ability to continue the litigation.[3] *See In re Noble Drilling*, 449 S.W.3d at 632; *In re Knox*, 2014 WL 538758, at *1; *see also In re Duncan*, 2018 WL 3301600 at *1 (denying mandamus relief because "the only evidence presented regarding the impact of an order requiring immediate payment of sanctions was relator's conclusory testimony that an order making sanctions immediately payment would "render my defense impossible" and "make it impossible for me to continue" with the litigation. Duncan's conclusory statements are insufficient to meet his burden of proof under *Braden*").

We conclude that, although she claims that the award of the interim attorneys' fees threatens her ability to continue with the litigation, Trivedi has not presented a mandamus record sufficient to show that a remedy by appeal is inadequate. *See In re Santiago*, No. 13–17–00133–CV, 2017 WL 993085, at *2 (Tex. App.—Corpus Christi Mar. 15, 2017, orig. proceeding) (mem. op.); *see also Walker*, 827 S.W.2d at 837 (recognizing that a relator has "the burden of providing this Court with a sufficient record to establish [his or her] right to mandamus

---

[3] In her reply brief, Trivedi also complains that the trial court did not make an express written finding that the attorneys' fees award does not have a preclusive effect on her access to the court and that the failure to make such a finding violates the mandatory *Braden* procedure. However, because she does not present a record of the hearing regarding her motion to rescind the attorneys' fees award, we cannot ascertain whether any error in not making the finding was harmful. *See In re Knox*, No. 03–13–00614–CV, 2014 WL 538758, at *1 (Tex. App.—Austin Feb. 7, 2014, orig. proceeding) (mem. op.).

relief"). Accordingly, we decline to grant mandamus relief as to the attorneys' fees award.

Finally, Trivedi asserts that the the portion of the trial court's order, providing that her pleadings be struck if she does not pay the attorneys' fees within 60 days of the order's date, is an impermissible death-penalty sanction. Although striking her pleadings would be a death-penalty sanction, Trivedi's challenge is premature because, at this time, the trial court has not struck her pleadings. *See In re Tunad*, No. No. 05–17–00930–CV, 2017 WL 4053941, at *3 (Tex. App.—Dallas Sept. 14, 2017, orig. proceeding) (mem. op.) (denying mandamus relief in in case involving challenge to order that relator's answer be deemed stricken if relator did not comply with order compelling post-judgment discovery because challenge to striking of answer was premature when trial court had not yet struck answer); *In re Kristensen*, No. 14–14–00448–CV, 2014 WL 3778903, at *8 (Tex. App.—Houston [14th Dist.] July 31, 2014, orig. proceeding) (mem. op.) (holding mandamus petition premature to challenge possible future imposition of sanctions by trial court).

Based on the record presented, we hold that, at this time, Trivedi has not shown her entitlement to mandamus relief. We deny Trivedi's petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a). We lift our stay of the trial court's August 9, 2016 order.


Laura Carter Higley
Justice

Panel consists of Justices Higley, Brown, and Caughey.