In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-21-00223-CV**

**IN RE BRUCE L. JAMISON**

_____

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 20-09-10625-CV**
_____

**MEMORANDUM OPINION**

On July 23, 2021, the trial court imposed pre-trial discovery sanctions against the attorney for the plaintiff in a commercial dispute case styled Trial Court Cause Number 20-09-10625-CV, *Southern Luxury Motorcars, LLC d/b/a Crave Luxury Auto v. Karl Stomberg, et al*. In a petition for a writ of mandamus, Relator Bruce L. Jamison contends the trial court abused its discretion: (1) by finding that Jamison violated prior discovery orders and imposing sanctions without considering the merits of the plaintiff's motion to dismiss the Real Parties' counterclaim pursuant to the Texas Citizens Participation Act ("TCPA"); (2) by imposing sanctions against

1

Jamison for violating June 23, 2021 discovery orders without evidence of bad faith; and (3) by imposing extraordinarily excessive sanctions that were wholly disproportionate in light of the circumstances.

On July 29, 2021, we stayed all enforcement of the challenged order and requested a response from Real Parties in Interest Karl Stomberg and Kristin Stomberg. The Stombergs filed their response but before the Court issued an opinion, we abated this original proceeding due to a bankruptcy stay that affected Trial Court Case Number 20-09-10625-CV. On July 11, 2024, we reinstated this original proceeding and granted leave for the parties to file supplemental briefs. Neither Jamison nor the Stombergs filed a supplemental brief. We conditionally grant mandamus relief.

## Background

Jamison's client, Andrew Powers, applied to the trial court for an order of involuntary windup of Southern Luxury Motorcars, LLC d/b/a Crave Luxury Auto ("SLM"). *See* Tex. Bus. Org. Code Ann. § 11.314(1)-(2). In addition to the windup application, Powers asserted claims against the Stombergs for fraud, theft, conversion, fraudulent transfer, and other wrongful acts. Powers amended his petition to sue in his individual capacity and derivatively on behalf of SLM. Powers added related claims against the Stombergs' business associates and their adult children.

In February 2021, the Stombergs, individually and on behalf of SLM, together with a third-party plaintiff, 54 Dyer, L.P., filed a counterclaim and third-party petition against Powers, Powers' father Dwight, and a business entity of Powers', Crave Luxury Investments, LLC and its d/b/a, Crave Luxury. The pleading asserted counterclaims against Powers for theft and embezzlement, conversion, fraudulent transfer, fraud, breach of fiduciary duty, misappropriation of trade secrets, racketeering, tortious interference with contracts and prospective and continuing business relations, unfair competition and misappropriation by passing off, federal communications acts violations, and conspiracy.

On June 8, 2021, the Stombergs filed a motion to compel discovery. On June 23, 2021, the trial court granted in part the motion to compel against Powers individually and derivatively on behalf of SLM and ordered him to respond to 45 separate interrogatories and requests for production, as modified by the trial court's order, by July 16, 2021.

On June 24, 2021, the Stombergs filed a supplemental counterclaim in their own behalf and on behalf of SLM. The Stombergs alleged that on June 23, 2021, Powers sent an email addressed to all current and potential motor vehicle customers and wholesalers, in which Powers warned the reader to be aware of fraudulent and unlawful practices of Karl Stomberg, that Karl Stomberg had stolen funds and defrauded at least one of SLM's consignment customers, and advised all motor

3

vehicle vendors, auction houses, wholesalers, and distributors to be aware of Karl Stomberg's fraudulent and unlawful business practices. The Stombergs alleged the statements were false and defamatory per se, that Powers published disparaging words about the economic interests of Stomberg and SLM with malice and without privilege, and that Powers willfully and intentionally interfered with the contracts and business relations between SLM and its customers.

On July 16, 2021, Powers filed a motion pursuant to the TCPA to dismiss the Stombergs' supplemental counterclaim, including their claims against Powers for defamation, business disparagement and tortious interference.

On July 19, 2021, the Stombergs filed an emergency motion to compel discovery and for sanctions for Powers' refusal to comply with the trial court's June 23, 2021, order compelling discovery. In this motion, the Stombergs complained that Jamison's co-counsel relied on Powers' TCPA motion to excuse Powers' non-compliance with the discovery order's July 16, 2021, compliance deadline. The Stombergs asserted that the attorney who signed Powers' TCPA motion failed to comply with Texas Rule of Civil Procedure 13, as his co-counsel's email to the Stombergs' lawyer revealed that the motion had been filed only to release them from complying with the discovery order before a scheduled mediation. The Stombergs argued the TCPA motion was filed for the improper purposes of avoiding compliance with the discovery order, there was no basis advanced for the effect

4

Powers gave to the TCPA motion, and there was no evidentiary support for the TCPA motion. The Stombergs urged the trial court to use its inherent power to impose sanctions for conduct that significantly interfered with core judicial functions. The Stombergs asked the trial court to order Powers and Jamison's law firm to each pay SLM sanctions in the amount of $25,000, order Powers to produce the documents previously ordered or face dismissal of all of Powers' claims with prejudice, and order that Powers pay SLM $2,500 in reasonable attorney's fees for the exchange of emails with Powers' counsel and the preparation of the motion for sanctions.

On July 22, 2021, in a supplement to their motion to compel, the Stombergs stated they were also seeking sanctions under Texas Rule of Civil Procedure 215.2 for abuse of the discovery process. The Stombergs asked the trial court to order that discovery on claims other than the defamation claim is not suspended by the TCPA Motion to Dismiss, order Powers to produce the documents by July 24, 2021, order Powers and Jamison's law firm to each pay SLM $3,325 as one-half of the reasonable attorney's fees for preparing the motions, and hold Powers and Jamison's law firm in contempt of court and direct them to pay a $500 fine.

In response, Powers and Jamison's law firm argued that by operation of section 27.003(c), Powers' TCPA motion suspended discovery in the entire case, subject to discovery limited to the TCPA motion to dismiss as allowed by the trial

court upon a showing of good cause. Powers argued the TCPA provides the exclusive remedy for frivolous motions to dismiss and that the court cannot deviate from the mandatory statutory process for adjudicating TCPA motions. Powers argued imposing sanctions under Rule 215 would violate due process because the Stombergs added their request for Rule 215 sanctions less than three days before the hearing, in violation of Rule 21(b). Powers filed a separate objection to proceeding with the Stombergs' motion for sanctions without first adjudicating his TCPA motion to dismiss the Stombergs' counterclaims and their motion for sanctions. Powers also objected that the Stombergs failed to provide the required specificity as to the exact wrongful acts supposedly committed by Powers and by Jamison's law firm.

On July 23, 2021, the trial court conducted a hearing on the Stombergs' motion to compel discovery and for sanctions for non-compliance with the trial court's discovery order of June 23, 2021. The trial court noted that the TCPA motion to dismiss was not before the court for purposes of the hearing. Over Powers' objection, the trial court proceeded with the Stombergs' motion to impose sanctions on Powers and his attorneys for filing a frivolous TCPA motion to dismiss without first considering the TCPA motion to dismiss on its merits.

No witnesses testified at the hearing and no documents were introduced into evidence, but the lawyers presented arguments on whether section 27.003(c)

6

operated to suspend all discovery in the case or only new discovery on the Stombergs' newly added counterclaim. The Stombergs argued that the suspension of "all discovery in the legal action" required by section 27.003(c) applied only to discovery addressing the Stombergs' defamation-related claims and did not suspend the discovery the trial court had already ordered. Powers argued the "legal action" referred to in section 27.003(c) referred to the entire case, not just the defamation claim, and that the reference to the suspension of "all discovery" included discovery that had been previously ordered but not yet produced.

At the trial court's direction, Jamison and his associate each read into the record an email an associate of Jamison's law firm sent to the Stombergs' lawyer. In the email, the associate asserted that all discovery had been "stayed" due to the filing of the TCPA motion to dismiss and that a "threat" to file a motion for sanctions "is nothing more than pure harassment[,]" demanded a response providing "any legal authority which you claim overrides the statutory automatic stay of all discovery and would authorize your threatened motion[]" and warned that Powers would respond to a motion for sanctions with a motion for sanctions.

The Order

On July 23, 2021, the trial court considered the Stombergs' Emergency Amended Motion to Compel and for Sanctions for Plaintiffs' Refusal to Comply with Court Order Granting Motion to Compel and entered a Sanctions Order and

7

Show Cause Order against Jamison. The trial court found sufficient cause to conclude that Jamison violated the trial court's June 23, 2021, Order on Stomberg Defendants' Motion to Compel and the trial court's June 23, 2021 Supplement to Order on Stomberg Defendants' Motion to Compel. The trial court concluded that Jamison acted in bad faith in violation of Texas Rule of Civil Procedure 13 and Chapter 10 of the Civil Practice and Remedies Code. The trial court sanctioned Jamison in the amount of $25,000, to be paid to the Stombergs' counsel by no later than July 30, 2021. The trial court provided laddered reductions of the fine imposed by the sanctions order if Jamison was in full compliance with the discovery orders by certain dates. Additionally, the trial court found there was cause to believe that Jamison violated the trial court's June 23, 2021 orders compelling discovery and ordered Jamison to appear in court on July 30, 2021, to show cause why he should not be adjudged in criminal contempt of court on 45 counts of violating the orders compelling discovery. The trial court's order neither ruled on the merits of Powers' TCPA Motion to Dismiss nor imposed sanctions for discovery abuse pursuant to Texas Rule of Civil Procedure 215 or under its inherent power.

Mandamus Proceeding

On July 28, 2021, Jamison filed a petition for a writ of mandamus and a motion for temporary relief. The following day, we stayed all enforcement of the trial court's July 23, 2021 order imposing sanctions and show cause order. *See* Tex.

8

R. App. P. 52.10(b). In his mandamus petition, Jamison argues the trial court abused its discretion by finding that Jamison violated the trial court's prior discovery orders and imposing sanctions on Jamison without considering the merits of Powers' TCPA motions to dismiss. Jamison argues the trial court could not determine whether the TCPA motion to dismiss was "groundless" without considering the grounds asserted in the motion. Jamison argues that the recital in the sanctions order that Jamison acted in "bad faith" could not be based upon Jamison's signature on Powers' TCPA motion to dismiss because the trial court did not mention the TCPA motion to dismiss in its sanctions order.

To be entitled to mandamus relief, a relator must show that the trial court clearly abused its discretion, and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner or without reference to guiding rules and principles. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). A relator lacks an adequate remedy on appeal when the benefits of mandamus outweigh its detriments. *Prudential*, 148 S.W.3d at 136.

We limit our review of the sanctions order to the specific rule cited in the order. *Metzger v. Sebek*, 892 S.W.2d 20, 51 (Tex. App.—Houston [1st Dist.] 1994,

9

writ denied). In its order, the trial court found "Jamison acted in bad faith in violation of Texas Rule of Civil Procedure 13 and Chapter 10 of the Civil Practice and Remedies [C]ode." *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001-.006; Tex. R. Civ. P. 13.

When imposing sanctions under chapter 10, the trial court "shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001." Tex. Civ. Prac. & Rem. Code Ann. § 10.005. Likewise, under Rule 13, "No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order." Tex. R. Civ. P. 13. The trial court's order omits a finding that the TCPA motion to dismiss was groundless. The omission was not inadvertent, as the trial court overruled Powers' objections and stated on the record, "The TCPA motion is not before me. The question of its misuse, however, is." The trial court's sanctions order finds there is sufficient cause to conclude that Jamison violated the trial court's discovery orders, but the trial court does not find that Jamison filed Powers' TCPA motion to dismiss in bad faith or for an improper purpose. The trial court's sanctions order fails to link Jamison's "bad faith" to a specific petition or motion that Jamison signed, as required by Rule 13 and section 10.001.

The Stombergs argue the trial court could impose sanctions under Rule 13 and section 10.001 without considering the merits of the TCPA motion to dismiss

10

because Jamison's assertions that a TCPA motion to dismiss stays all discovery in the entire case and stays enforcement of a pending court order are groundless. For purposes of Rule 13, "'[g]roundless' . . . means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." *Id.* The Stombergs cite *Montelongo v. Abrea* for the proposition that "legal action" in section 27.003(c) refers solely to the defamation claim they asserted in their amended pleading. *See* 622 S.W.3d 290, 298–300 (Tex. 2021).

In *Montelongo*, the Supreme Court held that the term "legal action" in section 27.003(b) referred to claims first brought in a pleading brought within 60 days of the filing of the TCPA motion to dismiss because applying that subsection to all claims brought in the amended pleading would leave the time limitation in subsection 27.003(b) meaningless. *Id.* at 298–99. The purpose of subsection 27.003(c) is to suspend discovery until the trial court decides whether a claim brought under subsection 27.003(b) must be dismissed to protect a constitutionally protected right. Generally, discovery proceeds through the entire case without being compartmentalized by separate claims. *See generally* Tex. R. Civ. P. 190-215. Suspending all discovery in the entire case until the trial court orders specific discovery related to the TCPA motion to dismiss or rules on the motion to dismiss will not render any provision in section 27.003(c) meaningless.

11

For purposes of Rule 13, "'[g]roundless' . . . means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." *Id.* Given the lack of precedent directly on point, the argument Jamison presented in his defense of the motion for sanctions is at least warranted by a good faith argument for the extension of existing law. *See* Tex. R. Civ. P. 13.

To impose sanctions pursuant to Rule 13, the trial court had to find both that the lawyer signed the motion in bad faith or for the purposes of harassment and that the motion was groundless. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 369 (Tex. 2014); *see* Tex. R. Civ. P. 13. The trial court abused its discretion by imposing a sanction under Rule 13 without finding the motion was groundless. We conclude the trial court abused its discretion by imposing sanctions on Jamison based on Rule 13.

We next consider whether the trial court properly imposed sanctions under Chapter 10 of the Civil Practice and Remedies Code. The Stombergs argue that after their attorney advised Jamison that a plain reading of the statute showed his assertion was not a valid reading of subsection 27.003(c), Jamison demonstrated his bad faith by insistently maintaining his position that all discovery in the entire case was suspended until the trial court ruled on Powers' motion to dismiss. The Stombergs contend Jamison revealed his improper purpose by filing Powers' TCPA motion to dismiss fifteen minutes before the deadline for compliance under the trial court's

discovery order and through the "aggressive" tone of the email an associate of Jamison's law firm sent to the Stombergs' lawyer to explain why Powers had not produced the ordered discovery. According to the Stombergs, "The intent and effect of Relators' groundless assertion demonstrates bad faith."

Section 10.001 of the Civil Practice and Remedies Code provides,

The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

(1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

Tex. Civ. Prac. & Rem. Code Ann. § 10.001.

Even if the motion is not frivolous, a trial court may impose sanctions under subsection 10.001 if the motion was filed for an improper purpose. *Nath*, 446 S.W.3d at 366, n.14. The phrase "improper purpose" in section 10.001(a) is equivalent to "bad faith." *Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist.*, 198

S.W.3d 300, 321 (Tex. App.—Texarkana 2006, pet. denied). Finding a motion was presented for an improper purpose requires finding "the conscious doing of a wrong for a dishonest, discriminatory, or malicious purpose." *Id.* Generally, courts presume pleadings and other papers are filed in good faith. *Nath*, 446 S.W.3d at 361. The party seeking sanctions bears the burden of overcoming this presumption of good faith. *Id.*

The Stombergs argue Jamison's assertions that the TCPA motion to dismiss stayed all discovery in the case and permitted ignoring the discovery order are groundless and in bad faith. As we have noted above, the Stombergs relied upon *Montelongo* to support their argument that only discovery on their defamation claim was stayed by operation of subsection 27.003(c), but *Montelongo* clarified the application of "legal action" under subsection 27.003(b). *See* 622 S.W.3d at 298–300. Jamison could present a good faith argument that the two subsections had different purposes and that under subsection 27.003(c) filing a TCPA motion to dismiss an amended counterclaim should limit discovery in the same manner as filing a TCPA motion to dismiss an original claim. *See In re SPEX Group US LLC*, No. 05-18-00208-CV, 2018 WL 1312407, at *4 (Tex. App.—Dallas Mar. 14, 2018, orig. proceeding) (mem. op.) (any discovery ordered while a TCPA motion to dismiss is pending must be limited to information relevant to the motion to dismiss); *see also In re Quality Cleaning Plus, Inc.*, No. 05-22-01053-CV, 2022 WL

14

16549069, at *3 (Tex. App.—Dallas Oct. 31, 2022, orig. proceeding) (mem. op.) (expedited discovery ordered before relator filed a TCPA motion to dismiss is suspended until the trial court rules on the motion to dismiss).

The Stombergs rely on circumstantial evidence to overcome the presumption that Jamison acted in good faith when he signed Powers' TCPA motion to dismiss. They argue Jamison's improper purpose is revealed from the fact that he filed the motion fifteen minutes before Powers' compliance deadline for the discovery order and from the email his associate sent to the Stombergs' lawyer shortly after the motion was filed, and Jamison persisted in his assertion that all discovery was suspended after the Stombergs' lawyer pointed out the clear language of the statute.

Jamison filed Powers' TCPA motion to dismiss twenty-two days after the Stombergs sued Powers for defamation and two days after Powers amended his petition. Since Jamison could present his construction of section 27.003(c) in good faith, it would have been reasonable for Jamison to conclude that he would need to file the motion before he exposed his client to the prejudicial effect of non-compliance with the discovery order. Although acrimonious, the associate's email asserts the same construction of section 27.003(c) presented by Jamison in his response to the Stombergs' motion for sanctions. Under the circumstances present in this case, the Stombergs failed to overcome the presumption that Jamison filed the TCPA motion to dismiss in good faith. We conclude that the trial court abused

15

its discretion by imposing sanctions under Chapter 10 of the Civil Practice and Remedies Code. Having concluded that the trial court abused its discretion by imposing sanctions, we do not consider whether the trial court abused its discretion by imposing excessive sanctions.

## Remedy

The Stombergs argue Jamison has an adequate remedy by appeal. Generally, monetary sanctions are reviewable by mandamus if the imposition threatens a party's continuation of the litigation. *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991) (orig. proceeding). The trial court's sanctions order forces Jamison to choose between protecting his client's interest by presenting a nonfrivolous construction of the statute and incarceration, which in turn threatens Powers' ability to continue with the litigation. We conclude Jamison lacks an adequate remedy by appeal.

## Conclusion

We conclude that the trial court abused its discretion, and that Jamison lacks an adequate remedy by appeal. We lift our stay order of July 29, 2021, and we conditionally grant mandamus relief. We are confident that the trial court will vacate the sanctions orders of June 23, 2021. The writ shall issue only in the event the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on August 9, 2021
Opinion Delivered October 24, 2024

Before Golemon, C.J., Johnson and Wright, JJ.