**CONDITIONALLY GRANT and Opinion Filed July 13, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00194-CV**

**IN RE SCOTT FRENKEL, Relator**

**Original Proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-03470-2016**

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Smith
Opinion by Justice Reichek

In this original proceeding, relator Scott Frenkel, an attorney representing one of the defendants in the underlying action, challenges a trial court order sanctioning him for misrepresenting the authenticity of a document filed in response to a motion to compel discovery.[1] Frenkel argues the trial court abused its discretion by refusing to defer the monetary and performative sanctions against him until a final judgment is rendered in the underlying case, which would allow him to seek an adequate remedy on appeal. Alternatively, he challenges the merits of the sanctions.

---

[1] Although Frenkel is a nonparty, there is no jurisdictional bar to him seeking relief from the sanctions order. *See Braden v. Downey*, 811 S.W.2d 922, 928 n.6 (Tex. 1991) (orig. proceeding).

For reasons set out below, we conclude the trial court abused its discretion by not deferring both sanctions until after rendition of an appealable judgment. Accordingly, we conditionally grant Frenkel's petition for writ of mandamus.

## BACKGROUND

In the underlying lawsuit, plaintiffs/real parties in interest Stephen Courtney, M.D., and Stephen Courtney, M.D., P.A. (collectively "Courtney") sued various defendants, alleging they schemed and colluded to illegally and unethically obtain and use confidential patient information to "wreak havoc" on Courtney and to inflict "as much torment, professional embarrassment and financial harm as possible." One of the defendants is Kelly M. Liebbe, a licensed Texas attorney who is representing herself in the lawsuit and who is also represented by co-counsel/relator Scott Frenkel. The other defendants are William C. McMurrey, Jonathan Rute, Cameron Carmody, M.D., and Cameron Carmody, M.D., P.A.

Liebbe represented three of Courtney's former patients in a separate medical malpractice lawsuit filed in Dallas County.[2] Courtney asserts that protected health information pertaining to his patients was openly shared and discussed among the

---

[2] This lawsuit was dismissed on summary judgment, which this Court affirmed on appeal. *Tarrant v. Baylor Scott & White Med. Ctr.-Frisco,* 05-18-01129-CV, 2020 WL 219314, at *1 (Tex. App.—Dallas Jan. 15, 2020, pet. filed) (mem. op.).

defendants and ultimately weaponized against him via the medical malpractice lawsuit and baseless complaints filed with the Texas Medical Board ("TMB").[3]

During the course of the litigation, Courtney filed a motion to compel Liebbe to produce certain audio recordings she had made of conversations between herself and counsel for Courtney and Carmody. Liebbe asserted the recordings were protected from disclosure by the law enforcement privilege, and the trial court ordered Liebbe to submit the recordings for *in camera* review along with information that would allow the court to evaluate Liebbe's privilege claim.

After Liebbe responded, Courtney and Carmody objected to what they considered Liebbe's partial compliance with the order and jointly filed another motion to compel against Liebbe. In response to the joint motion to compel, and in support of her argument that the law enforcement privilege shielded these audio recordings from disclosure, Liebbe attached documents that she claimed were prepared by and contained findings of the TMB against Courtney. Liebbe electronically signed and filed the response, and Frenkel was listed on the signature block as counsel for Liebbe.

In separate replies, Courtney and Carmody argued the documents were not findings made by or adopted by the TMB but were instead excerpts from a complaint

---

[3] The Courtney plaintiffs allege McMurrey obtained Dr. Courtney's patient list from Dr. Carmody, who is a former partner at the same professional association where Courtney previously practiced as an orthopedic spine surgeon, and illegally shared it with Liebbe. According to Courtney, Liebbe then began exploring legal action against Dr. Courtney and entities affiliated with him.

filed by Dr. Courtney's ex-wife that the TMB had subsequently dismissed. Courtney and Carmody both requested sanctions against Liebbe. Liebbe filed a sur-reply in which she continued to maintain the authenticity of the documents.

Frenkel represented Liebbe at the hearing on the motion. The authenticity of the documents was hotly disputed, and Frenkel specifically represented to the trial court that the documents were not "forged" and "were actual findings from the Texas Medical Board about Courtney." Given the conflicting representations about the documents, the trial court directed Courtney to contact the TMB to establish whether they were authentic. The court also set a follow-up hearing on the matter.

Prior to the hearing, Courtney produced an affidavit from TMB's general counsel attesting that the documents were not official TMB documents, were not created by the TMB, and did not constitute any findings, conclusions, statements or any other determination by TMB. TMB counsel further attested that the documents were created and submitted to the TMB by a private citizen and the use of the TMB letterhead by the private citizen was not authorized by TMB. Courtney and Carmody subsequently filed another joint motion for sanctions and, this time, requested the court award sanctions against Frenkel, in addition to Liebbe, for misrepresenting to the court that the documents represented actual TMB findings against Courtney.

At the hearing, the trial court took sworn testimony from Liebbe and Frenkel, who no longer challenged that the documents were not authentic. Both, however, testified that they were unaware that the documents were not authentic until the TMB

general counsel's affidavit was filed. Frenkel pointed out that Liebbe had filed the response and sur-reply with the court, and his representations to the court that the documents were authentic were based on what Liebbe told him. He testified he did not do any due diligence before making the representations.

At the conclusion of the hearing, the trial court determined sanctions were warranted against Frenkel.[4] By order dated March 1, 2021 the trial court found:

- Frenkel's representation to the Court, as Liebbe's counsel of record, during the August 10, 2020 hearing of "And, by the way, nothing was forged from the TMB. Those were actual findings from the Texas Medical Board about Courtney," . . . was false. Before making that representation to the Court, Frenkel knew, should have known, or should have made a reasonable investigation that would have revealed that the Documents at Issue were not actual findings made or adopted by the Texas Medical Board against Dr. Courtney.

- The false representations made by Liebbe and Frenkel regarding the authenticity or legitimacy of the Documents at Issue were made in an attempt to resist discovery sought jointly by Dr. Courtney and Dr. Carmody, specifically, the audio recordings Liebbe made or possessed which she claimed contained recorded statements made by counsel for Dr. Courtney and Dr. Carmody. Therefore, Liebbe's and Frenkel's conduct is sanctionable under Rule 215 of the Texas Rules of Civil Procedure and the inherent power of the Court.

- Sanctions are warranted under Rule 215 of the Texas Rules of Civil Procedure against both Liebbe and Frenkel to deter them from making any further false representations to the Court.

Based on these findings, the trial court ordered Frenkel to pay $1,000 to the Texas Lawyers Assistance Program ("TLAP") within thirty days of the order and to

---

[4] The court also imposed sanctions against Liebbe, but she is not a party to this original proceeding.

complete an additional ten hours of continuing legal education on legal ethics within twenty-four months of the order. Frenkel filed a motion seeking either severance or deferral of the sanctions, arguing that the deadline for compliance before a final judgment would deprive him of an adequate appellate remedy. The trial court denied the motion, and Frenkel sought mandamus review.

## APPLICABLE LAW

To be entitled to the extraordinary remedy of mandamus, Frenkel must show both that the trial court has clearly abused its discretion and that he has no adequate appellate remedy. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* at 135. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

The Texas Rules of Civil Procedure authorize trial courts to impose sanctions for discovery abuses. *See* TEX. R. CIV. P. 215.3 (permitting court to impose appropriate sanctions if court finds party is abusing discovery process in seeking, making, or resisting discovery). A sanctions order is subject to review on appeal from the final judgment, but, under certain circumstances, is subject to review before final judgment by writ of mandamus. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding).

–6–

Both sides rely on the supreme court's decision in *Braden v. Downey*, 811 S.W.2d 922 (Tex. 1991) (orig. proceeding), to support their respective positions in this original proceeding. In *Braden*, a litigant and his attorney were sanctioned for discovery abuse. 811 S.W.2d at 924. The trial court ordered the party to pay $10,000 within thirty days and the attorney to complete ten hours of community service within six weeks. *Id.* at 926. The monetary sanction, however, far exceeded the $500 reimbursable attorney's fees the movant had requested as a sanction and thus amounted to a penalty. *Id.* at 929. The sanctioned party sought mandamus relief, asserting the sanctions order was improper and that neither he nor his lawyer had an adequate remedy at law. *Id.* at 928.

The supreme court declined to consider the propriety of the sanctions by mandamus but held the trial court abused its discretion in imposing monetary sanctions to be paid and community service to be performed "before those sanctions, and the basis for imposing them, could be appealed." *Id.* at 925, 930. The court granted relief and directed the trial court to modify the sanctions order to defer payment of the monetary and performative sanctions until rendition of final judgment, which allowed the merits of the sanctions order to be determined on appeal. *Id.* at 930–31.

In reaching its decision with regard to the monetary sanctions, the court acknowledged prior cases in which it had denied mandamus relief, noting the concern "that the appeals courts not embroil themselves unnecessarily in incidental

pretrial rulings of the trial courts." *Id.* at 928 (citing *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex. 1986) (per curiam) (orig. proceeding), and *Stringer v. Eleventh Court of Appeals*, 720 S.W.2d 801, 802 (Tex. 1986) (per curiam) (orig. proceeding)). But, the court contrasted the modest monetary sanctions at issue in those cases—$1,050 in *Street* and $200 in *Stringer* —with those in *Braden* and observed that the magnitude of a monetary sanction could raise "the real possibility that a party's willingness or ability to continue the litigation will be significantly impaired." *Id.* at 929. Consequently, the *Braden* court determined that if the imposition of monetary sanctions threatens a party's continuation of the litigation, then appeal affords an adequate remedy only if payment of the sanctions is deferred until final judgment is rendered and the party has had the opportunity to supersede the judgment and perfect his appeal. *Id.* To ensure that a monetary sanction does not have a preclusive effect on litigation, the court concluded that if a litigant contends that a monetary sanction precludes access to the court, the district court must either (1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation, or (2) make express written findings, after a prompt hearing, as to why the award does not have a preclusive effect. *Id.* This, the court reasoned, allows the trial court to levy some

monetary sanctions during pretrial proceedings but requires that payment of more severe sanctions be deferred until an appealable judgment is rendered.[5]  *Id.*

As for the performative sanctions ordered by the trial court, the court concluded that, unlike money paid, time spent is not recoverable.  Since the trial court ordered Braden's lawyer to complete his community service before he could obtain appellate review per rule 215, his appellate remedy was "plainly inadequate" and the trial court abused its discretion in ordering the performance of that sanction before it could be appealed.  *Id.* at 930.

## DISCUSSION

### A.  Monetary Sanction

While a trial court has discretion to require immediate payment of a monetary sanction, that discretion is not without limits.  *In re Casey*, 589 S.W.3d at 856.  And rule 215.3 mandates that sanctions imposed under the rule "shall be subject to review on appeal from final judgment."  TEX. R. CIV. P. 215.3.  "Subject to" means "having a contingent relation to something and usually dependent on some relation for final form, validity, or significance."  *Subject to*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993).

Although we recognize that monetary sanctions of the amount at issue here are not generally reviewable by mandamus because they can typically be rectified

---

[5] *Braden*'s application to monetary sanctions was recently reaffirmed in *In re Casey*, 589 S.W.3d 850 (Tex. 2019) (per curiam) (orig. proceeding).

on appeal, this case presents a different situation impacting appellate review. Specifically, if the sanction is determined on appeal to be improper, neither the trial court nor this Court would have authority to compel TLAP to repay the sanction because TLAP is not a party to this lawsuit. Thus, while the monetary sanction may technically be reviewed on appeal, it is not "subject to" such review as required by rule 215.3. And, without the ability to have any real review, Frenkel is left without an adequate appellate remedy.

In reaching this conclusion, we reject any suggestion that *Braden* mandates a different result. While *Braden* clearly applies to a sanction that precludes access to the court, it does not follow that such a sanction is the only type of monetary sanction that may deny a party *an adequate remedy on appeal* as required by *In re Prudential.* The requirement that the relator have no adequate appellate remedy "has no comprehensive definition." *In re Prudential*, 148 S.W.3d at 136. The word "adequate" is "simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts," and "an appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Id*. Whether an appellate remedy is "adequate" so as to preclude mandamus review depends on the circumstances presented and is guided by general principles rather than simple rules. *Id*. at 137. And, the Texas Supreme Court has expressed a willingness to expand *Braden* beyond the facts presented in that case.

–10–

*See In re Casey*, 589 S.W.3d at 856 ("*Braden* was not (and has never been) expressly limited to its facts."). This approach is consistent with *In re Prudential*.

Our sister court's reasoning in *In re Rusk Energy*, No. 12-07-00245-CV, 2008 WL 257019, at *6 (Tex. App.—Tyler Jan. 31, 2008, orig. proceeding) (mem. op.), is instructive. There, the court determined that mandamus relief was available to challenge an order requiring posting of a prejudgment bond. Declining to apply *Braden*, the court reasoned that a strict application of *Braden* is akin to a "rigid rules" approach that is inconsistent with *In re Prudential*, which was decided after *Braden* and signaled a flexible approach to mandamus relief. *In re Rusk Energy*, 2008 WL 257019, at *6. The court concluded that appeal was an inadequate remedy because, even if Rusk were able to obtain reversal of the trial court's order on appeal, it would not be awarded damages for its loss of use of the money it deposited. *Id*. Just as Rusk would be denied an adequate remedy on appeal, Frenkel would be as well because the trial court would not have the means to compel TLAP to return the monetary sanction.

We conclude the trial court abused its discretion by not deferring payment of the monetary sanction until after rendition of final judgment in the case.

## B.  Performative Sanction

Relying on *Braden*, Frenkel argues the trial court clearly abused its discretion by not deferring its order that he complete an additional ten hours of ethics CLE until after rendition of final judgment in this case. Again, we agree.

As the *Braden* court noted, "Time spent is different from money paid; recovery of the latter may be problematic, but recovery of the former is impossible." *Braden*, 811 S.W.2d at 930.  And, the trial court should not have the discretion, by setting the time for performance of the sanctions ordered, to determine whether a party must seek relief by appeal or by mandamus. *Id*.

Here, the trial court ordered Frenkel to complete the ethics CLE within twenty-four months of the order.  Real parties in interest argue that this complies with *Braden* because Frenkel will likely be able to appeal before the twenty-four months expires.  We are unpersuaded by this argument.  There is no guarantee that a final appealable judgment will be rendered before the twenty-four-month period expires, especially given the current delays in scheduling trials caused by the COVID-19 pandemic and the potential for post-judgment motions.  Moreover, *Braden* disapproved of allowing trial courts the discretion to determine whether a party must seek relief by appeal or by mandamus by setting the time for performance of the sanctions order as that discretion is at odds with the mandate in rule 215.3 that a sanctions order be reviewable on appeal.  *Id*.

## CONCLUSION

For the foregoing reasons, we conclude that the trial court abused its discretion by not deferring both sanctions until after rendition of a final appealable judgment, leaving Frenkel without an adequate remedy by appeal. As the supreme court did in *Braden*, we conditionally grant mandamus relief and direct the trial court to modify its March 1, 2021 sanctions order to defer payment of the monetary sanction and performance of additional legal ethics education until rendition of final judgment, thus allowing the merits of the sanctions order to be considered on appeal. *Id.* at 930–31. Because we do not reach the merits of the sanctions order, we likewise decline to consider real parties' request that we impose additional sanctions on Frenkel for representations made to this Court in connection with his merits argument.

The writ will issue only if the trial court fails to comply. We lift the stay imposed by order dated March 30, 2021.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210194F.P05

–13–