**Concur and Opinion Filed December 5, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00447-CV**

**IN RE STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, BETTY GENALE THOMAS, AND CARLOS BALIDO, RELATORS**

**Original Proceeding from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-06609-E**

## CONCURRING OPINION

by Justice Goldstein

After reviewing relators' petition and the record before us, this panel has concluded that relators have failed to demonstrate entitlement to mandamus relief. While I am constrained to join the majority opinion and order by the record before us, the specific issues and arguments raised, and our precedent requiring a *Braden/Casey*[1] analysis, I write separately to distinguish a recent opinion from this

---

[1] *See Braden v. Downey*, 811 S.W.2d 922 (Tex. 1991) (orig. proceeding); *In re Casey*, 589 S.W.3d 850, 854-55 (Tex. 2019) (orig. proceeding).

Court[2] and address the following open questions based upon prior precedent. Specifically:

1. What is a sufficient contention for the trial court to know to defer immediate payment of sanctions or make the requisite findings? Is the magic language "precludes access to the courts" required or is it somewhere in between "chilling effect" and "precludes access to the court," including a cumulation of statements under the good–faith pleading standard to sufficiently contend immediate payment of sanctions precludes access to the courts? Or is deferral of payment of sanctions the mandated or recommended default position for a trial court to consider notwithstanding magic language without a hearing and the requisite findings?

2. Does a trial court necessarily abuse its discretion by issuing a sanctions order that cannot be remedied by appeal, such as when the sanction requires immediate performance (e.g., required legal education before final judgment) or, as may be applicable here, immediate payment to a non-party over whom neither the trial court nor the appellate courts have jurisdiction to order repayment?

## BACKGROUND

In this original proceeding, relator Carlos Balido, an attorney for relators State Farm Mutual Automobile Insurance Company and Betty Genale Thomas, who are the defendants in the underlying suit for damages,[3] challenges two trial court orders

---

[2] This opinion is a departure from a recently issued opinion in another original proceeding with similar facts in *In re State Farm Mutual Automobile Insurance Co., Todd Joseph Dauper, and Armando De Diego*, 05-24-00229-CV, 2024 WL 3912369 (Tex. App.—Dallas Aug. 23, 2024, orig. proceeding) (mem. op.). The *De Diego* panel conditionally granted the writ without reaching the merits of sanctions orders and directed the trial court to hold a *Braden/Casey* hearing. *Id.* at *1. The *De Diego* opinion, although based upon a factually similar procedural posture, critically differed in the specific challenge raised to the trial court relative to the *Braden/Casey* threshold requirement of asserting the preclusion of "access to the courts."

[3] Relator Thomas is a State Farm adjuster. For simplicity, and as is consistent with relators' own petition, we refer to State Farm and Thomas together as State Farm.

sanctioning him personally and requiring immediate payment of sanctions to opposing counsel Carlos Cortez "for reimbursement of attorney's fees" as opposed to ordering payment after the rendition of an appealable judgment.

This is not the first rodeo for plaintiff's counsel and legal counsel for State Farm on this issue or others arising in UM/UIM cases.[4] While the law relating to UM/UIM may benefit from the current legal challenges, the record reflects conduct, comments, and behavior not worthy of our profession or the Texas Lawyers Creed. I need say no more; the record says enough.[5]

The trial court ordered Balido to pay Cortez the aggregate sum of $6160 within 14 days of the signing of the sanctions orders. Relying on *In re Casey*, 589 S.W.3d at 854–855, Balido argues that immediate sanctions are "an abuse of discretion since it does not give Defendants and their counsel an opportunity to appeal the sanctions order before the award is due." Further, Balido argues to this Court, "[b]ecause the sanctions orders have a preclusive effect on State Farm's access to the courts and ability to retain the counsel of its choice, State Farm and

---

[4] The following four cases are currently pending before the Texas Supreme Court:

Case number 23-0755 *In re State Farm Mutual Automobile Insurance Company and Lindsey Nicole Dessart*; case number 23-0973 *In re State Farm Mutual Automobile Insurance Company and Jeri Charlotte Ramos*; case number 23-0945 *In re State Farm Mutual Automobile Insurance Company and Nicholas Borowec*; and case number 23-0975 *In re State Farm Mutual Automobile Insurance Company, Robert Nash, and Yulonda Wilson.*

[5] Fair warning, this author may not be as circumspect in the future with regard to memorializing counsel's statements in perpetuity with appropriate attribution to the declarant.

Balido have no adequate remedy by appeal."[6] The verbiage utilized by State Farm to the trial court was that immediate sanctions may have a "chilling effect." Chilling effect does not necessarily, without more, equate to "preclude access to the courts."

Relying on *Braden* and *Casey*, State Farm argued in its motion for reconsideration that the "Texas Supreme Court has advised that deferral of payment until rendition of an appealable judgment is mandated if the sanctioned party contends immediate payment would impair access to the courts, and the trial court does not make express findings, after a hearing, as to why the award does not have this preclusive effect on access to the courts." *Braden*, 811 S.W.2d at 829–30; *Casey*, 589 S.W.3d at 855. State Farm averred that "it is the pattern of Roberts' counsel in nearly every motion to seek sanctions in cases in which Cortez represents insureds in suits against State Farm. Roberts' counsel routinely seeks immediately due sanctions against State Farm's counsel to thwart legitimate arguments that abatement of discovery related to extra-contractual Tex. Ins. Code violations is required before there is a final judgment as to liability and damages." State Farm argues that deferral is the default for the imposition of sanctions unless the trial court supports the requirement of immediate payment by holding a hearing and makes the required express findings. I discern State Farm's contention to be that no magic

---

[6] Although a brief hearing was held on the motion for sanctions, State Farm did not provide a written response to the motion for sanctions. State Farm filed a Motion for Reconsideration seeking deferral of the immediate payment of sanctions. The record reflects the filing of the Motion for Reconsideration, with communications regarding the setting of the Motion to be heard, and opposition to the setting of the hearing by Cortez.

words are required to establish impaired access to the courts, but merely raising the specter of a "chilling effect" would put the onus on the trial court to either defer payment of sanctions as the automatic default or hold a hearing before imposing immediate sanctions.

I agree that there is a need to clarify whether: 1) the specific phrase "precludes access to the courts" must be utilized; or 2) a cumulation of statements reflecting preclusion is sufficient; or 3) simply challenging the immediate payment of sanctions requires a hearing to establish preclusion. I agree that under current judicial precedent merely averring "chilling effect" is not sufficient. But it would seem the best practice for the trial court to hold the *Braden/Casey* hearing whenever immediate payment of sanctions is challenged, as it would promote judicial efficiency and stem the tide of embroiling the appellate courts unnecessarily in the incidental pretrial rulings of the trial courts.

Additionally, it merits further discussion whether ordering the immediate payment of sanctions, in particular directed to a non-litigant third party, constitutes an abuse of discretion as such immediate payment is not subject to appellate review and thus fails to provide an adequate remedy on appeal. *See, e.g., In re Frenkel*, No. 05-21-00194-CV, 2021 WL 2943939 (Tex. App.—Dallas July 13, 2021, orig. proceeding) (mem. op.) (monetary sanction to be paid to the Texas Lawyers Assistance Program (TLAP)). It is worth noting that, although *Frenkel* references *Braden* and *Casey*, it does not reference the hearing or requisite findings to support

–5–

immediate payment of sanctions before determining an abuse of discretion. Rather, *Frenkel* relies on *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding) and rule 215.3 in concluding that the trial court abuses its discretion by ordering the immediate payment of sanctions to a non-litigant third party, as such immediate payment is not subject to the requisite appellate review. Thus, once more, this intermediate appellate court is embroiled in an incidental pretrial ruling of a trial court that necessitates the harmonizing of *In re Prudential*, *Braden*, and *Casey* by a higher court. To bring these issues to the forefront, I provide an analysis under our *Frenkel* decision, as it too has precedential value for our consideration.

## APPLICABLE LAW

To be entitled to the extraordinary remedy of mandamus, relators must show both that the trial court has clearly abused its discretion and that they have no adequate appellate remedy. *See In re Prudential*, 148 S.W.3d at 135–36. A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* at 135. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

The Texas Rules of Civil Procedure authorize trial courts to impose sanctions for discovery abuses. *See* TEX. R. CIV. P. 215.3 (permitting court to impose

appropriate sanctions if court finds party is abusing discovery process in seeking, making, or resisting discovery).  A sanctions order is generally subject to review on appeal from the final judgment, but, under certain circumstances, is subject to review before final judgment by writ of mandamus.  *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam).

Both sides rely on the supreme court's decision in *Braden*[7] to support their respective positions in this original proceeding.  In *Braden*, the supreme court declined to consider the propriety of the sanctions by mandamus but held the trial court abused its discretion in imposing monetary sanctions to be paid and community service to be performed "before those sanctions, and the basis for imposing them, could be appealed."  *Braden*, 811 S.W.2d at 925, 930.  The court granted relief and directed the trial court to modify the sanctions order to defer payment of the monetary and performative sanctions until rendition of final judgment, which allowed the merits of the sanctions order to be determined on appeal.  *Id.* at 930–31.

---

[7] In *Braden*, the litigant was ordered to pay a monetary sanction within thirty days, and his attorney was ordered to complete community service hours within six weeks, as sanctions for discovery abuse.  *Braden*, 811 S.W.2d at 924, 926.  The *Braden* court determined that, "[i]f the imposition of monetary sanctions threatens a party's continuation of the litigation, appeal affords an adequate remedy only if payment of the sanctions is deferred until final judgment is rendered and the party has the opportunity to supersede the judgment and perfect his appeal." *Id.* at 929.  To ensure that a monetary sanction does not have a preclusive effect on litigation, the court concluded that, if a litigant contends that a monetary sanction precludes access to the court, the district court must either (1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation, or (2) make express written findings, after a prompt hearing, as to why the award does not have a preclusive effect. *Id.* (adopting the procedure from *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 882-83 n.23 (5th Cir.1988)). This, the court reasoned, "allows the trial court to levy some monetary sanctions during pretrial proceedings but requires that payment of more severe sanctions be deferred until an appealable judgment is rendered." *Id.*  In the case of performative sanctions, however, the time spent is not recoverable; therefore, it was an abuse of discretion to order the performance of sanctions before it could be appealed.

While a trial court has discretion to require immediate payment of a monetary sanction, that discretion is not without limits. *In re Casey*, 589 S.W.3d at 856. Rule 215.3 mandates that sanctions imposed under the rule "shall be subject to review on appeal from final judgment." TEX. R. CIV. P. 215.3. "Subject to" means "having a contingent relation to something and usually dependent on some relation for final form, validity, or significance." *Subject to*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993).

Although monetary sanctions of the amount at issue here are not generally reviewable by mandamus because they can typically be rectified on appeal, this case presents a different situation impacting adequate appellate review. Specifically, if the sanction is determined on appeal to be improper, neither the trial court nor this Court would have authority to compel Cortez to repay the sanction because Cortez is not a party to this lawsuit.[8] Additionally, hypothetically, if Cortez' client was unsuccessful at trial on the merits, and no attorney's fees were awarded, there would be no funds available for offset and credit for monetary sanctions purportedly "for

---

[8] Further, no protection is provided from the potential dissipation of funds as the same were not ordered to be kept in trust in an IOLTA account pending appeal or deposited into the registry of the court, further impairing Balido's ability to recoup funds if the sanction was determined on appeal to be improper. I question without further discussion the propriety of sanctions paid directly to Cortez "for reimbursement of attorney's fees" as such reimbursement may be more properly paid to the client and thereafter would not present the concerns of recovery against a non-litigant third party. While without question Cortez is an officer of the court subject to court orders, I have found no authority or jurisprudential guidance in this context, i.e. addressing reimbursement of improper sanctions if so determined by way of final judgment.

reimbursement of attorney's fees" to the extent of any improper sanction. Thus, while the monetary sanction may technically be reviewable on appeal, it is not "subject to" such review as required by rule 215.3. And, without the ability to have any real review, Balido is left without an adequate appellate remedy.[9] The trial court therefore abused its discretion as the immediate payment of sanctions would not be "subject to review on appeal from final judgment." *See* TEX. R. CIV. P. 215.3.

As in *Frenkel*, in reaching this conclusion, I reject any suggestion that *Braden* mandates a different result. While *Braden* clearly applies to a sanction that precludes access to the court, it does not follow that such a sanction is the only type of monetary sanction that may deny a party an adequate remedy on appeal as required by *In re Prudential*. *See In re Prudential*, 148 S.W.3d at 136. The requirement that the relator have no adequate appellate remedy "has no comprehensive definition." *Id.* The word "adequate" is "simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts," and "an appellate remedy is

_____

[9] Cortez responds that Balido has not demonstrated a lack of an adequate remedy by appeal because "[t]he mandamus record is clear (and as Relators concede in their petition) they never filed and set a motion for reconsideration for hearing. Relators' Petition at 12." The petition alleges "State Farm filed a Motion for Reconsideration on Orders Granting Plaintiff's Request for Sanctions informing the trial court of the prejudicial nature of the repeated sanctions orders that are immediately payable and requesting an emergency hearing, which the court has not set at this time. Appendix O & P." The sworn supplemental record reflects Cortez' office communications advising the court "we object to the motion even being set for hearing as there is no valid basis for the Court to even hear this matter" and "requesting that a hearing NOT be set." Cortez' response is unpersuasive to deter this author from addressing some of the issues raised therein, acknowledging that the record is silent as to whether the trial court was aware of the filing and clear that no hearing was held or action was taken on the motion. While not raised as a separate issue for consideration, the non-litigant third party concern was raised by other documents in the record and for this reason is addressed herein.

'adequate' when any benefits to mandamus review are outweighed by the detriments." *Id.* Whether an appellate remedy is "adequate" so as to preclude mandamus review depends on the circumstances presented and is guided by general principles rather than simple rules. *Id.* at 137. The Texas Supreme Court has expressed a willingness to expand *Braden* beyond the facts presented in that case. *See In re Casey*, 589 S.W.3d at 856 ("*Braden* was not (and has never been) expressly limited to its facts."). This approach is consistent with *In re Prudential*. Balido would be denied an adequate remedy on appeal because the trial court would not have the means to compel Cortez to return the monetary sanction. Therefore, such immediate payment of sanctions to non-party trial counsel is effectively not "subject to review on appeal from final judgment" and therefore constitutes an abuse of discretion irrespective of whether Balido utilizes the magic words asserting that immediate payment of sanctions has a "preclusive effect on access to the courts."

I write separately to highlight the ongoing concern presented by this petition for writ of mandamus "that the appeals courts not embroil themselves unnecessarily in the incidental pretrial rulings of the trial courts." *Braden*, 811 S.W.2d at 928 (first citing *Street v. Second Ct. of Appeals*, 715 S.W.2d 638, 639–40 (Tex. 1986) (per curiam) (orig. proceeding) and then citing *Stringer v. Eleventh Ct. of Appeals*, 720 S.W.2d 801, 802 (Tex. 1986) (per curiam) (orig. proceeding)). *Street* and *Stringer* deemed the uncertainty of recovering money on appeal insufficient reason to interfere by mandamus with pretrial stages in trial court.

# CONCLUSION

For the foregoing reasons, if not constrained by precedent, I would conclude that the trial court abused its discretion by not deferring sanctions until after rendition of a final appealable judgment, leaving relators without an adequate remedy by appeal. As the supreme court did in *Braden*, and as this Court did in *Frenkel*, I would conditionally grant mandamus relief and direct the trial court to modify both April 2, 2024 sanctions orders to defer payment of the monetary sanctions until rendition of final judgment, thus allowing the merits of the sanctions order to be considered on appeal. *See Braden*, 811 S.W.2d at 930–33; *Frenkel*, 2021 WL 2943939 at *5.

240447cf.p05

/Bonnie Lee Goldstein//
BONNIE LEE GOLDSTEIN
JUSTICE