**Denied and Opinion Filed December 5, 2024**



**In The**

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00447-CV

## IN RE STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, BETTY GENALE THOMAS, AND CARLOS BALIDO, Relators

**Original Proceeding from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-06609-E**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Garcia
Opinion by Justice Pedersen, III

Before the Court is relators' April 12, 2024 petition for writ of mandamus challenging two trial court orders imposing monetary sanctions against relator Carlos Balido, an attorney for relators State Farm Mutual Automobile Insurance Company and Betty Genale Thomas, who are the defendants in the underlying suit for damages.[1] Specifically, State Farm challenges the sanction orders' requirement that the sanctions be paid before final judgment. Entitlement to mandamus relief requires a relator to show that the trial court clearly abused its discretion and that the

---

[1] Relator Thomas is a State Farm adjuster. For simplicity, and as is consistent with relators' own petition, we refer to State Farm and Thomas together as State Farm.

relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). After reviewing relators' petition and the record before us, we conclude that relators have failed to demonstrate entitlement to mandamus relief.

"Trial courts have discretion to require immediate payment of monetary sanctions, but that discretion is not without limits." *In re Casey*, 589 S.W.3d 850, 856 (Tex. 2019) (orig. proceeding) (per curiam). A sanction order that requires a party to pay a monetary sanction in advance of an appealable judgment raises the concern whether the order's effect significantly impairs the party's willingness or ability to continue the litigation or substantially impacts its access to the court. *See id.* at 855. "[T]o balance the trial court's discretion to 'levy some monetary sanctions during pretrial proceedings' with the need to ensure that prepayment of 'more severe sanctions' does not significantly impair 'a party's willingness or ability to continue the litigation,'" the supreme court adopted what has come to be known as the *Braden* process. *Id.* at 855 (quoting *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991) (orig. proceeding).

Under the *Braden* process, subject to good-faith pleading requirements, when a litigant "contends that a monetary sanction award precludes access to the court," the trial court "must either (1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation; or (2) make[] express written findings, after a prompt hearing, as to why the award does

–2–

not have such a preclusive effect." *Braden*, 811 S.W.2d at 929 (quoting *Thomas v. Cap. Sec. Servs. Inc.*, 836 F.2d 866, 882–83 n.23 (5th Cir. 1988)); *see also Casey*, 589 S.W.3d at 855; *In re Ford Motor Co.*, 988 S.W.2d 714, 723 (Tex. 1998) (orig. proceeding) ("*Braden* allows a trial court reasonable latitude in curbing discovery abuse without pressuring a litigant to give up the case altogether.").

Here, in a motion to reconsider the sanctions orders, State Farm raised the fact that the immediate-payment requirement of the trial court's sanctions orders implicated *Braden* concerns. But State Farm never made any of the required contentions under *Braden* and *Casey* to invoke their deferral requirement. Instead, State Farm contended merely that "requiring the payment of sanctions before the conclusion of the case has a chilling effect on the defense of the Defendants and is therefore improper under Texas law," and separately that "[opposing] counsel routinely seeks immediately due sanctions against State Farm's counsel to thwart legitimate arguments that abatement of discovery related to extra-contractual Tex. Ins. Code violations is required before there is a final judgment as to liability and damages." We conclude that these contentions fail to properly invoke the *Braden* process. Sanctions have a chilling effect by their nature, and we fail to see how opposing counsel's purported attempts to thwart one specific legal argument equates to the existence of an order precluding State Farm's access to the court, especially when the trial court's sanctions orders were not based on State Farm's assertion of this argument.

At no point did State Farm state that the immediate payment of the monetary sanction at issue would preclude or substantially impact its access to the court or significantly impair its willingness or ability to continue the litigation. *See Casey*, 589 S.W.3d at 855. Nor did State Farm allege any facts that would establish a preclusive effect of the immediate-payment requirement. Having expressly cited to *Braden* and *Casey*, State Farm acknowledged what the supreme court has required to be pleaded and then failed to plead it. Although we liberally construe the pleadings in the pleader's favor where, as here, no special exception is made, "a liberal construction does not require a court to read into a [pleading] what is plainly not there." *Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018) (internal quotation marks omitted). And we certainly do not do so when, as here, the supreme court has required—in more than one opinion—exactly what a party must state. Were we to deem State Farm's contentions adequate to invoke the *Braden* process, which overrides the trial court's discretion by making deferral the default, we think it would significantly disrupt the delicate balance the supreme court aimed to achieve in *Braden*. *See Casey*, 589 S.W.3d at 855–56.

Having decided that State Farm's contentions are inadequate under *Braden* and *Casey* to have properly invoked the deferral requirement,[2] we need not decide whether State Farm sufficiently brought its contentions to the trial court's attention or explore what additional considerations or standards, if any, may apply where, as

---

[2] We express no opinion as to whether relators may subsequently so contend.

here, the monetary sanctions are imposed only on counsel—not the party. *See id.* at 855 & n.4 (declining to explore the circumstances that might substantially impact a client's access to the courts when monetary sanctions are imposed only on counsel).

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). We also lift the stay imposed by this Court's April 15, 2024 Order.

240447f.p05
Goldstein, J., concurring.

/Bill Pedersen, III//

BILL PEDERSEN, III
JUSTICE