**Opinion issued May 22, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00185-CV

_____

**YUCOB RYLANDER, Appellant**

**V.**

**ARCHER SYSTEMS LLC AND
BRENT COON & ASSOCIATES, Appellees**

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Case No. 2025-06681**

---

## MEMORANDUM OPINION

Appellant, Yucob Rylander, filed a notice of appeal attempting to appeal the trial court's February 25, 2025 order denying his motion for sanctions. We dismiss the appeal for lack of jurisdiction. Because appellant alternatively requests that we

consider this appeal as a petition for writ of mandamus, we do so in the interest of judicial efficiency and deny mandamus relief.

## Appellate Jurisdiction

Generally, appellate courts have jurisdiction only over appeals from final judgments unless a statute authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex. 1990) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case . . . to be final and appealable.").

The February 25, 2025 order denying appellant's motion for sanctions is neither a final judgment nor an appealable interlocutory order. *See Wade v. Bacon Corp.*, No. 01-18-00654-CV, 2018 WL 5259809, at *1 (Tex. App.—Houston [1st Dist.] Oct. 23, 2018, no pet.) (dismissing appeal of order denying motion for sanctions because order was neither final judgment nor appealable interlocutory order); *Gafford v. Bliss-Gafford*, No. 04-24-00378-CV, 2024 WL 3954243, at *1 (Tex. App.—San Antonio Aug. 28, 2024, no pet.) (same). We thus lack jurisdiction over this attempted appeal. *See Wade,* 2018 WL 5259809, at *1*; see also In re M.G.*, No. 01–05–00426–CV, 2006 WL 1549754, at *1 (Tex. App.—Houston [1st Dist.] June 8, 2006, no pet.) ("When a party attempts to appeal a non-appealable

interlocutory order, appellate courts have no jurisdiction except to declare the interlocutory nature of the order and to dismiss the appeal.") (citations omitted).

On April 22, 2025, the Clerk of this Court notified appellant that his appeal was subject to dismissal for lack of jurisdiction unless he filed a written response demonstrating that this Court has jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a). Appellant filed a response asserting that we have jurisdiction to consider his appeal because "[s]anctions orders can be appealable before final judgment in certain circumstances." None of the cases cited by appellant support this proposition. Rather, the cases cited by appellant hold that (a) sanctions orders are not appealable before final judgment, but (b) under certain circumstances where appeal would be an inadequate remedy, orders *imposing sanctions* are subject to review before final judgment by *writ of mandamus*.[1] Appellant fails to cite any authority permitting our Court to review an interlocutory order denying sanctions on direct appeal, and we have found none. *See Wade*, 2018 WL 5259809, at *1; *Gafford*, 2024 WL 3954243, at *1.

---

[1] *See, e.g., Braden v. Downey*, 811 S.W.2d 922, 929-31 (Tex. 1991) (mandamus relief available to challenge order imposing monetary sanctions payable before final judgment where payment threatens continuation of litigation); *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 919-20 (Tex. 1991) (mandamus relief available to challenge order imposing "death penalty" sanctions having effect of adjudicating dispute but which do not result in rendition of appealable judgment).

## Alternative Mandamus Petition

In his response, appellant requests that if we conclude that the February 25, 2025 order is not appealable, we alternatively treat his appeal as a petition for writ of mandamus. "We may . . . exercise our mandamus jurisdiction when a party specifically requests mandamus treatment of [his] appeal, as in this case." *Silwany v. JJLJ Operating, LLC*, No. 14-24-00403-CV, 2024 WL 3579456, at *1 (Tex. App.—Houston [14th Dist.] July 30, 2024, no pet.) (mem. op.) (citing *CMH Homes*, 340 S.W.3d at 454). In the interest of judicial efficiency, we consider the documents filed in the appeal as a petition for writ of mandamus and deny the petition because appellant has not established a clear abuse of discretion or no adequate remedy by appeal. *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.").

## Conclusion

Because the order denying appellant's motion for sanctions is neither a final judgment nor an appealable interlocutory order, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Considering the appeal as a petition for writ of mandamus, we deny the petition. Any pending motions are denied as moot.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.