**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00071-CV**
_____

**IN RE SCOTT MITCHELL OBEGINSKI**

---

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 24-11-18234**

---

**MEMORANDUM OPINION**

On January 9, 2026, the trial court granted a motion for sanctions and ordered Relator Scott Mitchell Obeginski to pay $10,705 as reimbursement for attorney's fees incurred because of sanctionable conduct arising out of Obeginski's alleged continued use of fictitious law and his filing of a baseless Motion to Show Authority, ordered Obeginski to pay the Montgomery County District Clerk all fees presently due and owing "since he admitted in open court and on the record that he is not indigent," and ordered Obeginski to appear for a hearing on February 19, 2026, to

1

prove his payment of the sanction amount and the fees to the District Clerk.[1] In a petition for a writ of mandamus, Obeginski seeks to compel the trial court to vacate its order of January 9, 2026, which he argues is void because (1) the trial court acted as a fact witness in violation of Texas Rule of Evidence 605, (2) the sanctions order imposed relief that was not requested in the motion for sanctions and was imposed without prior notice to Obeginski, (3) no sworn testimony or competent evidence supported the sanctions imposed by the trial court, and (4) Obeginski lacks an adequate remedy by appeal because the trial court scheduled a compliance hearing that will occur before Obeginski's appeal can be resolved.[2]

---

[1]The trial court disposed of several motions in its Order of January 9, 2026. The additional rulings not at issue in this mandamus proceeding include the denial of Obeginski's Motion to Show Authority, the denial of Obeginski's Motion for New Trial, the denial of Joshua Want Real Estate Group, LLC's Motion for Sanctions for filing a tertiary motion to recuse, and an order "that when Scott Obeginski makes any filing of any plea, pleading, motion, brief, or similar regardless of the capacity in which he makes the filing shall include with each filing with any and all Court(s) or Clerk(s) as attachments a copy of any and all legal authorities cited in the filing highlighting the portion of the legal authority attached which supports the proposition for which he cites the legal authority." These matters are or may be presented as issues in an appeal and in another mandamus proceeding presently before this Court as Number 09-25-00487-CV, *Obeginski v. Codilis & Moody, P.C.* or Number 09-26-00057-CV, *In re Scott Mitchell Obeginski*. We express no opinion herein regarding matters that are not before us in this mandamus proceeding.

[2]Obeginski added a complaint that the trial court abused its discretion by failing to rule on the merits of his Rule 12 motion in a supplemental mandamus petition. He offers no explanation for his failure to include the argument in his original petition. This complaint may be adequately addressed on appeal.

Obeginski claims the trial court acted as a fact witness and ruled on the motion for sanctions without taking any other evidence. We disagree with Obeginski's characterization of the proceedings. His filings were already before the trial court, and the trial court considered his filings and the opposing party's motion for sanctions in its judicial function of evaluating the legal arguments supporting the parties' motions. Contrary to his assertion that he was not on notice that an order granting the motion for sanctions might do more than award attorney's fees, the motion for sanctions asked for an award of attorney's fees and "such other and further relief to which Intervenor may show itself to be justly entitled."

Contrary to Obeginski's arguments to this Court, the trial court did take evidence at the hearing. Obeginski declined to be sworn and to provide testimony. He also withdrew his motion to set a supersedeas bond and declined to testify about his net worth. Opposing counsel was sworn as a witness, testified regarding attorney's fees, proffered a supporting exhibit that was admitted without objection, and submitted to cross-examination by Obeginski. The trial court questioned the attorney further regarding the amount of time employees of the firm spent researching the authorities Obeginski cited in his post-judgment motions. Obeginski affirmatively stated he had no objection when the trial court requested supplemental evidence specific to addressing Obeginski's post-judgment motions.

Obeginski contends mandamus relief is required because the trial court has scheduled a compliance hearing for February 19, 2026, and the hearing exposes him to possible contempt and further sanctions. "If the imposition of monetary sanctions threatens a party's continuation of the litigation, appeal affords an adequate remedy only if payment of the sanctions is deferred until final judgment is rendered and the party has the opportunity to supersede the judgment and perfect his appeal." *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991) (orig. proceeding). Here, however, the trial court has signed a final judgment, and Obeginski has not shown that he lacks an opportunity to supersede the judgment.

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See In re Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review

4

against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

After reviewing the mandamus record and appendix, we conclude Obeginski's argument that the trial court issued a void order is not supported by the record before us. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a). Any requests for interim relief are denied.

PETITION DENIED.

PER CURIAM

Submitted on February 17, 2026
Opinion Delivered February 18, 2026

Before Golemon, C.J., Wright and Chambers, JJ.

5